UNITED STATES of America, Appellee,

v.

Cenon Rey AVELINO, Defendant–Appellant.

No. 1256, Docket 91–1625.

United States Court of Appeals, Second Circuit.

Argued April 8, 1992.

Decided June 25, 1992.

James P. Harrington, Buffalo, N.Y., for defendant-appellant.

Roger P. Williams, Deputy U.S. Atty., W.D. New York, Buffalo, N.Y. (Dennis C. Vacco, U.S. Atty., of counsel), for appellee.

Before FEINBERG, WINTER and ALTIMARI, Circuit Judges.

WINTER, Circuit Judge.

Cenon Rey Avelino appeals from a conviction by a jury before Judge Elfvin on four counts of a ten-count indictment. The counts pertinent to this published opinion—we affirm Avelino's convictions on the other counts by summary order filed this date—are: (i) Count I, charging the filing of false United States Customs forms and the making of false statements to United States Customs officials, in violation of 18 U.S.C. § 542 (1988); and (ii) Count II, charging the making of false and fraudulent statements as to material facts in a matter within the jurisdiction of a United States department or agency, in violation of 18 U.S.C. § 1001 (1988).

The evidence at trial showed that Avelino was in the business of importing various aircraft and armaments from Vietnam to be sold to buyers in the United States. Avelino arranged for the preparation of false double bills of lading and other documents to conceal the true country of origin of the aircraft, to disguise the type of aircraft being imported, and to misrepresent the value of the aircraft. Avelino also arranged for the aircraft to be crated in such a way so as to conceal 7.62 mm miniguns hidden in the nose of the fuselage. Avelino's convictions for violating Section 542 and Section 1001 arose out of these false statements and misrepresentations to Customs officials.

■ Avelino contends it violated the Fifth Amendment's Double Jeopardy Clause to convict and sentence him under both Section 1001 and Section 542. We agree. The Double Jeopardy Clause affords "three basic protections: '[It] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" *Ohio v. Johnson*, 467 U.S. 493, 498, 104 S.Ct. 2536, 2540, 81 L.Ed.2d 425 (1984) (quoting *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977)). This case concerns the third protection against "'multiple punishments for the same offense' imposed in a single proceeding." *Jones v. Thomas*, 491 U.S. 376, 381, 109 S.Ct. 2522, 2525, 105 L.Ed.2d 322 (1989). The Double Jeopardy Clause, however, "'does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.'" *Id.* (quoting *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983)).

■ The determination of whether Congress intended the same conduct to be punishable under separate statutory provisions turns on the analysis set out in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1931). *See Ball v. United States*, 470 U.S. 856, 861, 105 S.Ct. 1668, 1671, 84 L.Ed.2d 740 (1985). The *Blockburger* test states that if "each provision requires proof of an additional fact which the other does not" then there are two offenses of which the defendant can be convicted. *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182. Because the *Blockburger* test is only a rule of statutory construction, it is not controlling where there is clear indication of a contrary legislative intent. *Hunter*, 459 U.S. at 367, 103 S.Ct. at 679; *Albernaz v. United States*, 450 U.S. 333, 340, 101 S.Ct. 1137, 1143, 67 L.Ed.2d 275 (1981). Thus, the presumption to be disproved by a contrary indication of legislative intent is that Congress does not intend to punish the same offense under different statutes. *Whalen v. United States*, 445 U.S. 684, 692, 100 S.Ct. 1432, 1438, 63

L.Ed.2d 715 (1980); *Ball*, 470 U.S. at 861, 105 S.Ct. at 1671.

Because we conclude that every element needed to prove a crime under Section 1001 is an element of a Section 542 offense and that there is no clear indication of a congressional intent to provide for cumulative punishments for Sections 1001 and 542, the *Blockburger* presumption prevails in the instant matter. To be convicted for false statements under Section 542,[1] a defendant must: (1) attempt to import merchandise into the United States (2) "by means of" a false statement (3) without reasonable cause to believe the truth of such statement or practice. To be convicted under Section 1001,[2] a defendant must: (1) knowingly make a false statement (2) that is material (3) in any matter within the jurisdiction of any United States department or agency. The elements under Section 1001 are, however, also elements under Section 542: (1) the knowing element of a Section 1001 false statement will always be encompassed by the lack of a reasonable cause to believe element of Section 542; (2) Section 1001's materiality requirement is redundant because false statements under Section 542 are necessarily material because the importation must be "by means of [the] false statement"; (3) importation of merchandise implicates Customs, a department or agency of the United States. *See United States v. Rose*, 570 F.2d 1358, 1363 (9th Cir.1978). Finally, neither the statutory language nor the legislative history demonstrate a "clear intent" by Congress to punish the same offense under these two statutory provisions. *Id.*

We therefore vacate and remand to the district court for the purpose of combining the convictions on Counts I and II and resentencing. *See United States v. Aiello*, 771 F.2d 621 (2d Cir.1985).

---

1. Section 542 states in pertinent part:

    Whoever enters or introduces, or attempts to enter or introduce, into the commerce of the United States any imported merchandise by means of any fraudulent or false invoice, declaration, affidavit, letter, paper, or by means of any false statement, written or verbal, or by means of any false or fraudulent practice or appliance, or makes any false statement in any declaration without reasonable cause to believe the truth of such statement, or procures the making of any such false statement as to any matter material thereto without reasonable cause to believe the truth of such statement, whether or not the United States shall or may be deprived of any lawful duties ...

    Shall be fined for each offense not more than $5,000 or imprisoned not more than two years, or both.
    18 U.S.C. § 542.

2. Section 1001 states:

    Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious, or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.
    18 U.S.C. § 1001.