## OHIO *v.* JOHNSON

No. 83–904.   Argued April 25, 1984—Decided June 11, 1984

494

[redacted]

*John E. Shoop* argued the cause for petitioner. With him on the briefs were *Judson J. Hawkins* and *Joseph M. Gurley.*

*Albert L. Purola,* by appointment of the Court, 465 U. S. 1019, argued the cause and filed a brief for respondent.*

JUSTICE REHNQUIST delivered the opinion of the Court.

Respondent Kenneth Johnson was indicted by an Ohio grand jury for four offenses, ranging from murder to grand theft, as a result of the killing of Thomas Hill and the theft of property from Hill's apartment. Respondent offered to plead guilty to charges of involuntary manslaughter and grand theft, but pleaded not guilty to charges of murder and aggravated robbery. Over the State's objection, the trial court accepted the "guilty" pleas to the lesser offenses, and then granted respondent's motion to dismiss the two most serious charges on the ground that because of his guilty pleas, further prosecution on the more serious offenses was barred by the double jeopardy prohibitions of the Fifth and Fourteenth Amendments. This judgment was affirmed on appeal through the Ohio state courts, and we granted certiorari. 465 U. S. 1004 (1984). We now reverse the judgment of the Supreme Court of Ohio and hold that prosecuting respondent on the two more serious charges would not constitute the type of "multiple prosecution" prohibited by the Double Jeopardy Clause.

*Solicitor General Lee, Assistant Attorney General Trott, Deputy Solicitor General Frey, Carter G. Phillips,* and *Kathleen A. Felton* filed a brief for the United States as *amicus curiae* urging reversal.

Thomas Hill was shot to death in his apartment in the city of Mentor-on-the-Lake, a city northeast of Cleveland on Lake Erie. Several weeks later, a county grand jury indicted respondent on one count each of murder,[1] involuntary manslaughter,[2] aggravated robbery,[3] and grand theft.[4] Mean-

---

[1] The elements of murder in Ohio are:

"(A) No person shall purposely cause the death of another.

"(B) Whoever violates this section is guilty of murder, and shall be punished as provided in section 2929.02 of the Revised Code." Ohio Rev. Code Ann. § 2903.02 (1982).

[2] The elements of the crime of involuntary manslaughter are:

"(A) No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit a felony.

"(B) No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit a misdemeanor.

"(C) Whoever violates this section is guilty of involuntary manslaughter. Violation of division (A) of this section is a felony of the first degree. Violation of division (B) of this section is a felony of the third degree." Ohio Rev. Code Ann. § 2903.04 (1982 and Supp. 1983).

[3] The Ohio statutory elements of the crime of aggravated robbery are:

"(A) No person, in attempting or committing a theft offense as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall do either of the following:

"(1) Have a deadly weapon or dangerous ordnance . . . on or about his person or under his control;

"(2) Inflict, or attempt to inflict serious physical harm on another.

"(B) Whoever violates this section is guilty of aggravated robbery, a felony of the first degree." Ohio Rev. Code Ann. § 2911.01 (1982 and Supp. 1983).

[4] The crime of grand theft in Ohio is defined as follows:

"(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either:

"(1) Without the consent of the owner or person authorized to give consent;

"(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;

"(3) By deception;

"(4) By threat.

"(B) . . . If the value of the property or services stolen is one hundred fifty dollars or more, or if the property stolen is any of the property listed in section 2913.71 of the Revised Code, or if the offender has previously been convicted of a theft offense, a violation of this section is grand theft,

while, respondent had left Ohio and was not arraigned on the charges until nearly two years after the killing. At his arraignment respondent offered to plead guilty only to the charges of involuntary manslaughter and grand theft, while pleading not guilty to the more serious offenses of murder and aggravated robbery. Over the State's objection, the trial court accepted the guilty pleas and sentenced respondent to a term of imprisonment. App. 19–21. Respondent then moved to dismiss the remaining charges against him on the ground that their further prosecution would violate his right under the Double Jeopardy Clause of the Fifth Amendment not to be placed twice in jeopardy for the same offense. The trial court granted respondent's motion and dismissed the remaining charges, finding that because involuntary manslaughter and grand theft were, respectively, lesser included offenses of the remaining charges of murder and aggravated robbery, continued prosecution of the greater offenses after acceptance of respondent's guilty pleas on the lesser offenses was barred by the Double Jeopardy Clause. App. to Pet. for Cert. A24.

The Ohio Court of Appeals and then the Supreme Court of Ohio affirmed the decision of the trial court. 6 Ohio St. 3d 420, 453 N. E. 2d 595 (1983). The State Supreme Court held that in these circumstances aggravated robbery was an "allied offens[e] of similar import" to theft, *id.*, at 422, 453 N. E. 2d, at 598,[5] and reasoned that since state law permitted conviction on only one of these charges, acceptance of respondent's guilty plea to the charge of theft prevented conviction for the charge of aggravated robbery. The crime of involuntary manslaughter was held to be distinguishable from the

a felony of the fourth degree." Ohio Rev. Code Ann. § 2913.02 (1982 and Supp. 1983).

[5] The term "allied offense," has been interpreted to mean that two crimes share common elements such that the commission of one crime will necessitate commission of the other. *State* v. *Logan*, 60 Ohio St. 2d 126, 128, 397 N. E. 2d 1345, 1347 (1979).

offense of murder only by the mental states required to commit each offense, but that in any one killing, an offender could only be convicted of involuntary manslaughter or murder, but not both crimes.[6]

We think the Supreme Court of Ohio was mistaken in its observation that "this case concerns the third double jeopardy protection prohibiting multiple punishments for the same offense." *Id.*, at 421, 453 N. E. 2d, at 598.[7] The Dou-

---

[6] We agree with respondent that the most logical interpretation of the holding below is that the court found involuntary manslaughter to be a lesser included offense of murder. In one sentence of the opinion, however, the mental states of the two crimes are considered mutually exclusive, which would suggest that conviction on one is inconsistent with conviction on the other. See 6 Ohio St. 3d, at 424, 453 N. E. 2d, at 599. In the very next sentence, however, the opinion states that the two offenses are the same under the *Blockburger* test, *i. e.*, involuntary manslaughter is a lesser included offense of the crime of murder. This interpretation accords with the statement in the opinion that the principles of collateral estoppel applied in *Ashe* v. *Swenson*, 397 U. S. 436 (1970), have no relevance to this case.

[7] We face at the threshold an attack on our jurisdiction to review the decision below. Respondent seizes upon the Ohio Supreme Court's reference to state law in its syllabus and in the accompanying opinion to argue that the decision below rested on an adequate and independent state ground. Ordinarily, we have jurisdiction to review a state-court judgment, if the decision "appears to rest primarily on federal law, or to be interwoven with the federal law," or if the "adequacy and independence of any possible state law ground is not clear from the face of the opinion." *Michigan* v. *Long*, 463 U. S. 1032, 1040–1041 (1983).

Here, that presumption must be applied in light of the syllabus rule of the Ohio Supreme Court, which provides that the holding of the case appears in the syllabus, since that is the only portion of the opinion on which a majority of the court must agree. See *State ex rel. Donahey* v. *Edmondson*, 89 Ohio St. 93, 105 N. E. 269 (1913); see also *Perkins* v. *Benguet Consolidated Mining Co.*, 342 U. S. 437, 441–442 (1952). But Ohio courts do not suggest that the opinion is not germane to interpreting the court's holding as expressed in its syllabus. *Hart* v. *Andrews*, 103 Ohio St. 218, 221, 132 N. E. 846, 847 (1921). Indeed, where the grounds of the decision are not clearly predicated on state law, we have felt compelled to examine the opinion below to determine whether the Ohio Supreme Court may have

ble Jeopardy Clause, of course, affords a defendant three basic protections:

> "'[It] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" *Brown* v. *Ohio*, 432 U. S. 161, 165 (1977), quoting *North Carolina* v. *Pearce*, 395 U. S. 711, 717 (1969).

As we have explained on numerous occasions, the bar to retrial following acquittal or conviction ensures that the State does not make repeated attempts to convict an individual, thereby exposing him to continued embarrassment, anxiety,

---

ruled differently if it "had felt free, under our decisions, to do so." *Perkins, supra,* at 443.

A review of the court's syllabus indicates that the court did not articulate an independent state-law ground for the decision. The first part of the syllabus refers to state law in determining that, as allied offenses, the State may only obtain convictions on either aggravated robbery or grand theft, but not both. But the syllabus does not explain why the State may not continue to press forward with its prosecution of respondent for aggravated robbery, since the multicount statute that bars multiple convictions for allied offenses plainly admits to the possibility that the State may prosecute allied offenses in a single prosecution. See Ohio Rev. Code. Ann. § 2941.25 (1982 and Supp. 1983). A look at the opinion accompanying the syllabus, however, shows that the judge writing the opinion believed that continued prosecution of respondent on the remaining charges was proscribed by the double jeopardy protection against multiple punishments. 6 Ohio St. 3d, at 421, 453 N. E. 2d, at 597. The federal ground for the court's decision affirming the dismissal of the murder charge is much easier to discern, since the text of the court's syllabus refers directly to the prohibition against double jeopardy. Although the court's reference to double jeopardy might arguably be to the Ohio version, see Ohio Const., Art. I, § 10, the failure to indicate clearly that state double jeopardy protection was being invoked, when coupled with the references in the opinion to our decisions in *North Carolina* v. *Pearce*, 395 U. S. 711 (1969), and *Ashe* v. *Swenson, supra,* convinces us that the Ohio Supreme Court based its decision on its interpretation of the Double Jeopardy Clause of the Fifth Amendment as applied to the States by the Fourteenth Amendment.

and expense, while increasing the risk of an erroneous conviction or an impermissibly enhanced sentence. See, *e. g.*, *United States* v. *Wilson*, 420 U. S. 332, 343 (1975); *Green* v. *United States*, 355 U. S. 184, 187–188 (1957).

In contrast to the double jeopardy protection against multiple trials, the final component of double jeopardy—protection against cumulative punishments—is designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature. Because the substantive power to prescribe crimes and determine punishments is vested with the legislature, *United States* v. *Wiltberger*, 5 Wheat. 76, 93 (1820), the question under the Double Jeopardy Clause whether punishments are "multiple" is essentially one of legislative intent, see *Missouri* v. *Hunter*, 459 U. S. 359, 366–368 (1983).[8] But where a defendant is retried following conviction, the Clause's third protection ensures that after a subsequent conviction a defendant receives credit for time already served. *North Carolina* v. *Pearce, supra*, at 718.

We accept, as we must, the Ohio Supreme Court's determination that the Ohio Legislature did not intend cumulative punishment for the two pairs of crimes involved here. But before respondent can ever be punished for the offenses of murder and aggravated robbery he will first have to be found guilty of those offenses. The trial court's dismissal of these more serious charges did more than simply prevent the imposition of cumulative punishments; it halted completely the proceedings that ultimately would have led to a verdict of

---

[8] In the federal courts the test established in *Blockburger* v. *United States*, 284 U. S. 299, 304 (1932), ordinarily determines whether the crimes are indeed separate and whether cumulative punishments may be imposed. See *Albernaz* v. *United States*, 450 U. S. 333, 337 (1981); *Whalen* v. *United States*, 445 U. S. 684, 691 (1980). As should be evident from our decision in *Missouri* v. *Hunter*, however, the *Blockburger* test does not necessarily control the inquiry into the intent of a state legislature. Even if the crimes are the same under *Blockburger*, if it is evident that a state legislature intended to authorize cumulative punishments, a court's inquiry is at an end.

guilt or innocence on these more serious charges. Presumably the trial court, in the event of a guilty verdict on the more serious offenses, will have to confront the question of cumulative punishments as a matter of state law, but because of that court's ruling preventing even the trial of the more serious offenses, that stage of the prosecution was never reached. While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting respondent for such multiple offenses in a single prosecution.

Respondent urges, as an alternative basis for affirming the judgment of the Supreme Court of Ohio, that further prosecution of the counts which were dismissed would violate the double jeopardy prohibition against multiple prosecutions. Brief for Respondent 17–18. He concedes that on the authority of our decision in Brown v. Ohio, supra, the State is not prohibited by the Double Jeopardy Clause from charging respondent with greater and lesser included offenses and prosecuting those offenses in a single trial. Brief for Respondent 7. But, he argues, his conviction and sentence on the charges of involuntary manslaughter and grand theft mean that further prosecution on the remaining offenses will implicate the double jeopardy protection against a second prosecution following conviction. The court below never had occasion to address this argument.[9]

The answer to this contention seems obvious to us. Respondent was indicted on four related charges growing out of

---

[9] Respondent also argues that prosecution on the remaining charges is barred by the principles of collateral estoppel enunciated by this Court in Ashe v. Swenson, 397 U. S. 436 (1970). Even if the two were mutually exclusive crimes, see n. 6, supra, the taking of a guilty plea is not the same as an adjudication on the merits after full trial, such as took place in Ashe v. Swenson. Moreover, in a case such as this, where the State has made no effort to prosecute the charges seriatim, the considerations of double jeopardy protection implicit in the application of collateral estoppel are inapplicable.

a murder and robbery. The grand jury returned a single indictment, and all four charges were embraced within a single prosecution. Respondent's argument is apparently based on the assumption that trial proceedings, like amoebae, are capable of being infinitely subdivided, so that a determination of guilt and punishment on one count of a multicount indictment immediately raises a double jeopardy bar to continued prosecution on any remaining counts that are greater or lesser included offenses of the charge just concluded. We have never held that, and decline to hold it now.

Previously we have recognized that the Double Jeopardy Clause prohibits prosecution of a defendant for a greater offense when he has already been tried and acquitted or convicted on the lesser included offense. See *Brown* v. *Ohio*, 432 U. S. 161 (1977). In *Brown* the State first charged the defendant with "joyriding," that is, operating an auto without the owner's consent. The defendant pleaded guilty to this charge and was sentenced. Subsequently, the State indicted the defendant for auto theft and joyriding, charges which this Court held were barred by the Double Jeopardy Clause, since the defendant had previously been convicted in a separate proceeding of joyriding, which was a lesser included offense of auto theft. *Brown* v. *Ohio, supra,* at 169.

We do not believe, however, that the principles of finality and prevention of prosecutorial overreaching applied in *Brown* reach this case. No interest of respondent protected by the Double Jeopardy Clause is implicated by continuing prosecution on the remaining charges brought in the indictment. Here respondent offered only to resolve part of the charges against him, while the State objected to disposing of any of the counts against respondent without a trial. Respondent has not been exposed to conviction on the charges to which he pleaded not guilty, nor has the State had the opportunity to marshal its evidence and resources more than once or to hone its presentation of its case through a trial. The acceptance of a guilty plea to lesser included offenses while charges on the greater offenses remain pending, more-

over, has none of the implications of an "implied acquittal" which results from a verdict convicting a defendant on lesser included offenses rendered by a jury charged to consider both greater and lesser included offenses. Cf. *Price* v. *Georgia,* 398 U. S. 323, 329 (1970); *Green* v. *United States,* 355 U. S., at 191. There simply has been none of the governmental overreaching that double jeopardy is supposed to prevent. On the other hand, ending prosecution now would deny the State its right to one full and fair opportunity to convict those who have violated its laws. *Arizona* v. *Washington,* 434 U. S. 497, 509 (1978).

We think this is an even clearer case than *Jeffers* v. *United States,* 432 U. S. 137 (1977), where we rejected a defendant's claim of double jeopardy based upon a guilty verdict in the first of two successive prosecutions, when the defendant had been responsible for insisting that there be separate rather than consolidated trials. Here respondent's efforts were directed to separate disposition of counts in the same indictment where no more than one trial of the offenses charged was ever contemplated. Notwithstanding the trial court's acceptance of respondent's guilty pleas, respondent should not be entitled to use the Double Jeopardy Clause as a sword to prevent the State from completing its prosecution on the remaining charges.

For the foregoing reasons we hold that the Double Jeopardy Clause does not prohibit the State from continuing its prosecution of respondent on the charges of murder and aggravated robbery.[10] Accordingly, the judgment of the Ohio Supreme Court is reversed, and the case remanded for further proceedings not inconsistent with this opinion.

*It is so ordered.*

---

[10] We see no need to address the manner in which the trial court should resolve the question of the existing guilty pleas if the case proceeds to trial, the issue appearing to involve construction of state law and the jurisdiction of Ohio courts to fashion appropriate relief. See Ohio Rule Crim. Proc. 32.1 (1982); cf. *Price* v. *Georgia,* 398 U. S. 323, 332 (1970).

JUSTICE BRENNAN, concurring in part and dissenting in part.

In my view, the judgment of the Ohio Supreme Court with respect to the aggravated robbery charge rests on independent and adequate state grounds. I agree with the Court, however, that continued prosecution of respondent on the charge of murder after respondent pleaded guilty to the charge of involuntary manslaughter was not barred by the Double Jeopardy Clause.

JUSTICE STEVENS, with whom JUSTICE MARSHALL joins, dissenting.

A conviction based on a plea of guilty has the same legal effect as a conviction based on a jury's verdict. The conviction in this case authorized the State of Ohio to place respondent in prison for several years. As the Court expressly recognizes, "the Double Jeopardy Clause prohibits prosecution of a defendant for a greater offense when he has already been . . . convicted on the lesser included offense." *Ante*, at 501. That statement fits this case precisely. Since it is a correct statement of the law, I would affirm the judgment of the Supreme Court of Ohio insofar as it denied the State the right to prosecute respondent on the charge of murder.*

---

*As far as the charge of aggravated robbery is concerned, it is perfectly obvious that the judgment of the Ohio Supreme Court rests on the adequate and independent state ground that it was an "allied offense of similar import" to theft within the meaning of the Ohio rule that precludes prosecution for two such offenses. The Court's cavalier disregard for the state-law basis for this aspect of the judgment of the Supreme Court of Ohio is totally unprecedented.