The STATE of Ohio, Appellee,

v.

BOOMERSHINE, Appellant.

[Cite as *State v. Boomershine* (1993), 85 Ohio App.3d 21.]

Court of Appeals of Ohio,
Montgomery County.

No. 12885.

Decided Jan. 6, 1993.

---

*Mathias H. Heck, Jr.,* Montgomery County Prosecuting Attorney, and *Susan M. Brasier,* Assistant Prosecuting Attorney, for appellee.

*Kurt R. Portman,* Montgomery County Public Defender, and *Barbara V. Thompson,* Assistant Public Defender, for appellant.

McBRIDE, Judge.

This appeal presents substantive and procedural questions arising out of the filing and disposition of multiple charges in traffic cases involving minor and serious offenses.

Two separate and successive rear end collisions by the appellant are involved. The second impact drove the vehicle of Diane King under a semi-tractor trailer causing her death.

The appellant's explanation was that he suffered an epileptic seizure and had no memory of what happened. While medical evidence was weak, it was undisputed that appellant is an epileptic and had prescriptions for Dilantin which his mother obtained for him. He had not seen a doctor for about ten years and he lied as to his condition in order to obtain a driver's license from the state. Despite medication, he suffered a seizure three or four months earlier and he "blacked out" and caused a collision eight or nine years ago.

Three misdemeanor charges were filed simultaneously in the same court. The two assured clear distance offenses were assigned case Nos. 90–TR–D–1606a and 1606b. The vehicular homicide offense was assigned case No. 90–CR–B–366. Three summons were served and appellant entered a not guilty plea on all three charges. The three filings were pretried together and a single date assigned for trial. A demand for a jury trial was filed.

Later, when an assigned judge was sitting, the defense made an unscheduled appearance, without notice or knowledge of the prosecutor, and entered no contest pleas in case Nos. 90–T–C–1606a and 1606b, the assured clear distance violations; he was found guilty on both and sentenced. We are unable to find

that the assigned judge, who had not pretried this proceeding, was made aware of the existence of the pending vehicular homicide charge.

Thereafter, appellant filed a motion to dismiss the pending vehicular homicide charge as a double jeopardy violation based upon a decision of the Supreme Court of the United States in *Grady v. Corbin* (1990), 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548. The motion was denied and the homicide case proceeded to a jury trial. The appellant was found guilty and sentenced. Other facts will be discussed, as necessary, with related assignments of error.

### Assignments of Error

"1. The trial court violated appellant's fifth amendment right to be free of double jeopardy by subjecting him to a trial for vehicular homicide after he had been convicted of violating the assured clear distance statute.

"2. The trial court violated appellant's fifth amendment right to be free of double jeopardy by sentencing him for the vehicular homicide conviction after punishment had been imposed for the assured clear distance conviction."

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall be subject for the same offense to be twice put in jeopardy of life or limb.

Where there are multiple filings it is necessary to refer to the Traffic Rules adopted by the Supreme Court of Ohio and the purpose of such rules to secure a fair, simple, speedy administration of justice and avoid unjustified expense and delay. A complaint and summons is incorporated in a traffic ticket issued by a law enforcement officer for each offense. The content of the printed ticket is specifically provided and the ticket must be four and one-fourth inches wide and nine and one-half inches in length. Traf.R. 3.

Traf.R. 5 incorporates Crim.R. 8, 13 and 14, which permit joinder of separate offenses and consolidation of pending but separate charges as a single proceeding.

In the instant appeal separate traffic offenses were filed simultaneously, were pretried as one proceeding and assigned together for trial on a single date. Under these circumstances the numerical designation given to each traffic offense for administrative purposes by the clerk has no significance as to the rights of the parties. Until all of the charges were disposed of by a final order the proceeding as ordered by the court was not complete.

The pleas were accepted but the one sentence on the moving offense should have been continued awaiting a verdict on the pending vehicular homicide charge. A violation of the assured clear distance law is a proper consideration in a jury trial on a vehicular homicide offense. Only after a guilty verdict is rendered does

the issue of an included offense arise for the purpose of sentencing even though the appellant earlier conceded his guilt of the lesser offense.

The reliance of appellant on *Grady v. Corbin, supra,* is not justified by the facts. In *Grady,* the manslaughter proceeding was filed subsequent to the conviction on a minor offense. In the instant case there was a single proceeding involving multiple charges. Picking out a minor offense and entering a plea to one count without notice to the state did not terminate the proceeding or eliminate other charges in the same proceeding.

■ Multiple charges in a single proceeding do not violate the Double Jeopardy Clause. *Blockberger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. The clause does protect against multiple punishment, if convicted, for the same offense.

Multiple charges on a single proceeding inform the accused of possible convictions but do not permit an accused to unilaterally choose the charge or the punishment of his preference.

■ Multiple traffic charges filed simultaneously in the same court on separate forms and consolidated or processed together constitute a single proceeding.

■ The court retains jurisdiction over such multiple traffic filings until all are finally terminated. This construction of the Traffic Rules together with the proper application of R.C. 2941.25 is not within the prohibition of the Double Jeopardy Clause.

The United States Supreme Court has ruled that a determination of guilt and punishment on one count of a multicount indictment does not necessarily raise a double jeopardy defense to continued prosecution on any remaining counts. *Ohio v. Johnson* (1984), 467 U.S. 493, 501, 104 S.Ct. 2536, 2542, 81 L.Ed.2d 425, 434. In *Johnson,* the accused was indicted for four offenses, all arising out of a theft and homicide. He offered to plead guilty to involuntary manslaughter and grand theft but not guilty to charges of murder and aggravated robbery. *Over the objection of the prosecution,* the trial court accepted the guilty pleas and dismissed the more serious charges on the ground that further prosecution would be barred by the prohibition against double jeopardy. The United States Supreme Court *reversed:*

"Here respondent offered only to resolve part of the charges against him, while the State objected to disposing of any of the counts against respondent without trial. Respondent has not been exposed to conviction of the charges to which he pleaded not guilty, nor has the State had the opportunity to marshal its evidence and resources more than once or to hone its presentation of its case through a trial. The acceptance of a guilty plea to lesser included offenses while charges on

the greater offenses remain pending, moreover, has none of the implications of an 'implied acquittal' which results from a verdict convicting a defendant on lesser included offenses rendered by a jury charged to considered both greater and lesser included offenses * * *. Here respondent's efforts were directed to separate disposition of counts in the same indictment where no more than one trial of the offenses charged was ever contemplated. Notwithstanding the trial court's acceptance of respondent's guilty pleas, respondent should not be entitled to use the Double Jeopardy Clause as a sword to prevent the State from completing its prosecution on the remaining charges." *Id.* at 501–502, 104 S.Ct. at 2542, 81 L.Ed.2d at 435.

Accordingly, we find no violation of the Double Jeopardy Clause in this case.

The first and second assignments of error are denied.

### Assignments of Error

"3. The trial court erred by not sustaining appellant's motion to dismiss because no evidence was adduced which established a causal link between the death and giving false information to the Ohio Bureau of Motor Vehicles.

"4. Where the appellant established his affirmative defense of blackout by a preponderance of the evidence and the state did not prove beyond a reasonable doubt that appellant could have foreseen the blackout, the court erred by not granting appellant's motion for a directed verdict."

The jury trial on the vehicular homicide charge was conducted after the trial court denied the motion to dismiss on constitutional grounds upon a condition.

From the nature of the offense charged a violation of the assured clear distance statute as well as general negligence were available as a basis for the vehicular homicide charge. However, in its decision the trial court found that at that point in the proceedings appellant had failed to prove that the vehicular homicide trial would involve double jeopardy and implied that, if it did involve the assured clear distance violation, the double jeopardy motion "may be well taken." This suggestion influenced the jury trial. The instructions to the jury did not submit the issue of assured clear distance as a basis for a homicide violation.

In a supplemental decision on the motion to dismiss, the trial court found that whether the "defendant's conduct was negligent, voluntary or involuntary, must be decided at trial." No consideration was given to the intent of the legislature in R.C. 2941.25. This opinion was rendered before all charges in the single proceeding were determined.

Turning to the transcript of the testimony, the final instructions to the jury submitted only the issue of negligent operation of a motor vehicle with no reference to the violation of the assured clear distance or other specific violations

of law. Counsel followed the direction of the court to avoid speculation of a double jeopardy question.

The transcript of the trial ends abruptly after a second reading of the final instructions. To determine what happened thereafter we resort to the docket entries.

A verdict of guilty as charged in the complaint, signed by eight jurors, was filed.

Earlier, and in the record, is a brief statement by the court, agreed to by both counsel, that interrogatories would be submitted to the jury *after the verdict is in.*

Three separate special findings, each signed by eight jurors, were filed. The language of the three requests was identical and each contained a finding of negligence as a result of the following act or failure to act. Space was provided for a narrative response as to what constituted negligence.

The record fails to disclose the authority or purpose of this probing into the deliberations of the jury after returning a guilty verdict. Our impression is that after the court suggested the possibility of the presence of double jeopardy, if a guilty verdict was based on a violation of the assured clear distance statute, it was agreed to test the general verdict to discover if the verdict was based upon an assured clear distance violation.

Two of the narrative responses by the jury to the special requests support appellant's experience and knowledge that he suffered from epilepsy. The third found that he was negligent "by continuing to operate a motor vehicle, knowing that he had given false information to the Bureau of Motor Vehicles and was at risk of possible seizure."

Requesting a jury to explain its verdict in a criminal case after the verdict has been returned is not authorized and may not be approved under either Civ.R. 49(C) or Civ.R. 39(C), the later relating to an advisory jury in a civil trial. We examined the responses by the jury to determine whether the jury "lost its way." We find that it did not and that appellant was not twice in jeopardy on the assured clear distance violation.

Rules of the road for motor vehicles are familiar to jurors and many common violations existed in this case. The issue submitted by the court in its instructions was confined to general negligence and all three special responses were consistent with the instructions and with the verdict.

The argument of appellant on the third assignment of error misses the point. We agree that the false information used to obtain a driver's license could not proximately cause the accident and death. Such fraud upon the state was an

evidential factor establishing appellant's knowledge and his awareness of the danger his operation of a motor vehicle created.

The circumstances in this case are inconsistent with a simple, unexpected "black out" as contended by appellant. The evidence was overwhelming that appellant had full knowledge that a substantial and unjustified risk of an epileptic seizure was inevitable every time appellant operated a vehicle. In spite of this he deliberately got behind the wheel when in the use of ordinary care he should have foreseen the natural and probable consequences of his assumption of the risk to himself and to others on the highway.

The evidence in this case was more than sufficient to require the court to deny the motion to dismiss for lack of evidence of proximate cause and to deny appellant's motion for a directed verdict.

The third and fourth assignments of error are denied.

### Assignment of Error

"5. The trial court erred by ordering appellant to pay the costs of Ms. King's funeral as restitution."

The trial court suspended ninety days of appellant's sentence upon the payment of funeral expenses pursuant to R.C. 2951.02(B)(9) and 2929.51(D). This assignment of error is denied.

The judgment will be affirmed.

*Judgment affirmed.*

WILSON and WOLFF, JJ., concur.

ROBERT L. MCBRIDE, J., retired, of the Second Appellate District, sitting by assignment.