4 F.3d 986
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Guy Lancester RICHMOND, Petitioner-Appellant,
v.
Warden WATERS; Attorney General of The State of Maryland,
Respondents-Appellees.
Guy Lancaster Richmond, Petitioner-Appellant,
v.
Warden Waters; Attorney General of The State of Maryland,
Respondents-Appellees.
 Nos. 93-6105, 93-6211.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 1, 1993.
Decided: August 27, 1993.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. William M. Nickerson, District Judge. (CA-93-146-WN, CA-92-1275-WN)
 Guy Lancaster Richmond, Appellant Pro Se.
 Kathryn Grill Graeff, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees.
 D.Md.
 DISMISSED IN NO. 93-6105 AND AFFIRMED IN NO. 93-6211.
 Before WIDENER, MURNAGHAN, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Guy Lancaster Richmond, a Maryland prisoner, appeals from the district court's orders denying relief under 28 U.S.C. Sec. 2254 (1988). We dismiss the appeal in No. 93-6105 and affirm that in No. 93-6211.
 
 
 2
 Richmond was convicted in state court on three counts of procuring arson, and was sentenced to three consecutive fifteen-year terms of imprisonment. Richmond appealed his convictions to the Maryland Court of Special Appeals, which affirmed the convictions and sentences. Richmond's petition for certiorari to the Maryland Court of Appeals was denied. Richmond then filed a petition for postconviction relief in the state trial court.
 
 
 3
 The state post-conviction court subsequently granted relief, in the form of a belated appeal, as to a double jeopardy claim raised by Richmond. It denied relief on all other claims. The Maryland Court of Appeals ultimately denied relief on Richmond's double jeopardy claim. Richmond v. State, 604 A.2d 483 (Md. 1992).
 
 
 4
 Richmond filed a series of petitions in federal court under Sec. 2254. The present appeals challenge the district court's denial of relief on Richmond's third (No. 93-6211) and fifth (No. 93-6105) petitions.
 
 
 5
 In No. 93-6105 the district court dismissed the petition after stating that because the same claims were pending on review in the third petition, it was not going to review them again. Because those claims were in fact reviewed by the district court in the third petition, and the decision in that case is currently before the Court in the consolidated case, we deny a certificate of probable cause to appeal and dismiss the appeal in No. 93-6105.
 
 
 6
 In No. 93-6211 the district court granted a certificate of probable cause to appeal, and we affirm the denial of relief on all claims except Richmond's double jeopardy claims on the reasoning of the district court, which adopted the recommendation of the magistrate judge. Richmond v. Waters, No. CA-92-1275-WN (D. Md. Feb 24, 1993).
 
 
 7
 To the extent Richmond's double jeopardy claims in the current petition differ from those raised in his first petition, they were properly dismissed by the district court. However, to the extent they are the same it is not clear whether they are properly treated as abusive. Nonetheless, the Maryland Court of Appeals' decision in this case demonstrates that the claims are meritless.
 
 
 8
 The Double Jeopardy Clause prohibits multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969). Whether punishments are multiple is essentially a question of legislative intent, and federal courts are bound by the highest state court's construction of legislative intent. Ohio v. Johnson, 467 U.S. 493, 499 (1984). In Richmond, the Maryland Court of Appeals determined that the legislature intended to authorize multiple punishments under the facts of this case. Richmond, 604 A.2d at 485-89. This finding is binding on this Court.
 
 
 9
 Regardless of whether the claim was abusive, it was clearly without merit. Accordingly, we affirm the denial of relief on this claim.*
 
 
 10
 In conclusion, we dismiss the appeal in No. 93-6105 and affirm the denial of relief in No. 93-6211. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 No. 93-6105-DISMISSED
 No. 93-6211-AFFIRMED
 
 
 *
 We deny Richmond's motions for appointment of counsel