34 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sheldon WOODS, Defendant-Appellant.
 No. 93-50731.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 14, 1994.
Decided Aug. 25, 1994.
 
 1
 Before: REINHARDT and NOONAN, Circuit Judges, and TANNER, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Sheldon Woods appeals the district court's denial of his motion to dismiss his superseding indictment on the ground of double jeopardy. Woods claims that because he settled the criminal forfeiture count of the indictment, he cannot be prosecuted on the underlying offenses because additional punishment would constitute double jeopardy. He relies principally on Austin v. United States, 113 S.Ct. 2801, 2806 (1993), United States v. Halper, 490 U.S. 435, 448-49 (1989), and United States v. Sanchez-Escareno, 950 F.2d 193, 198, 201 (5th Cir.1991). See also United States v. $405,089.23, No. 93-55947 (9th Cir. filed Aug. __, 1994).
 
 
 4
 We reverse the district court's judgment. In its brief and at oral argument, the government based its entire case on its contention that the stipulation settled only the government's civil forfeiture complaint, which had been filed contemporaneously with the criminal indictment. It refused, despite repeated invitations and despite the clear record, to acknowledge that it had disposed of the criminal forfeiture count on the merits. The government's assertion is plainly incorrect: the plain language of the stipulation the government executed with Woods makes it clear that the money Woods paid was in satisfaction of both the criminal forfeiture count and the civil forfeiture claim. In response to questioning, the government's lawyer admitted that any money paid by Woods to settle the criminal forfeiture count of the indictment would constitute "punishment" under the Double Jeopardy Clause. Nevertheless, the government never argued, in this court or the district court, that if the settlement involved a determination of the criminal forfeiture count on the merits the Double Jeopardy Clause would not apply. Instead, it continued to rely exclusively on its contention that the forfeiture was civil in nature.
 
 
 5
 Had the government argued that notwithstanding the fact that punishment had been imposed on the criminal forfeiture count the Double Jeopardy Clause did not bar prosecution of the remaining criminal counts, we would have been presented with a question to which the answer is not entirely clear. However, we would also have had the assistance of a reasoned and researched brief and oral argument. Because Woods argued unequivocally and unambiguously in both the district court and before us that under the facts of this case the settlement of the criminal forfeiture count served to bar a subsequent criminal trial, and because the government could not prevail on this appeal without responding to that argument in a manner that successfully refuted Wood's contention, we are unwilling to excuse the government's refusal to deal with what is clearly the dispositive question in the case.[1] Accordingly, we have no choice but to order dismissal of the balance of Woods' criminal indictment with prejudice.
 
 The order of the district court is
 
 6
 REVERSED.
 
 
 
 *
 The Honorable Jack Tanner, United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The lone caption in the merits part of the argument section of the government's brief reads "Jeopardy Has Not Attached In The Civil Forfeiture Case" (emphasis added). The government's brief does cite one case, Ohio v. Johnson, 467 U.S. 493, 499 (1984), that might support an argument that double jeopardy does not apply even though the settlement of the criminal forfeiture count resulted in "punishment". However, the government cited that case for a wholly unrelated proposition--to show that "the question whether punishments are 'multiple' is essentially one of legislative intent." See Johnson, 467 U.S. at 499