41 F.3d 1508
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald TERRY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3339.
 United States Court of Appeals, Sixth Circuit.
 Nov. 10, 1994.
 
 1
 Before: MARTIN and BATCHELDER, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 Ronald Terry, proceeding pro se, appeals a district court judgment denying his motion to correct his sentence filed pursuant to Fed.R.Civ.P. 35. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In May 1992, a federal grand jury indicted Terry on one count of conspiracy to distribute marijuana pursuant to 21 U.S.C. Secs. 841(a)(1) and (b)(1)(B)(vii). Terry eventually pleaded guilty to the charged offense and was sentenced to 41 months of imprisonment, three years of supervised release, and a special assessment of $50. The Sixth Circuit affirmed his conviction and sentence on appeal.
 
 
 4
 In his motion to correct his sentence, Terry argued that his term of supervised release violates his right against double jeopardy. The district court summarily denied Terry's motion sua sponte as without merit. Terry has filed a timely appeal, reasserting his same claims.
 
 
 5
 Terry's motion is without merit because he has not shown a fundamental defect in the proceedings that inherently resulted in a miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 6
 Terry has waived his right to assert his double jeopardy claim as he did not assert this claim in his direct appeal. Claims that could have been raised on direct appeal may not be raised in a Sec. 2255 motion unless the defendant demonstrates cause and prejudice to excuse his failure to do so. United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993); see also Reed v. Farley, 114 S.Ct. 2291, 2300 (1994). No cause is alleged or apparent from a review of the record, and for the following reasons, it is clear that Terry has suffered no prejudice.
 
 
 7
 Terry's term of supervised release that he is to serve in addition to a term of actual incarceration does not violate the Fifth Amendment Double Jeopardy Clause, Ohio v. Johnson, 467 U.S. 493, 499 (1984) (citing Missouri v. Hunter, 459 U.S. 359, 366-68 (1983)), as Congress clearly intended that a term of supervised release may be imposed "in addition to" a term of imprisonment. See 18 U.S.C. Sec. 3583(a).
 
 
 8
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation