87 F.3d 1318
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henry E. GOSSAGE, Petitioner-Appellant,
v.
Janet BARBOUR, Respondent-Appellee.
 No. 95-35609.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 14, 1996.
 
 Before: CANBY, JOHN T. NOONAN, JR., and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Henry E. Gossage, a Washington state prisoner, appeals pro se the denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction by guilty plea for two counts of first degree incest, one count of third degree rape, and one count of attempted first degree incest. He contends the district court erred by (1) denying his double jeopardy claim, (2) dismissing two claims as procedurally defaulted because he did not and cannot now present them to the Washington Supreme Court, and (3) failing to find an equal protection violation. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Gossage contends that incest is a continuing crime consisting of a series of acts, and therefore his conviction and sentencing on four counts, each involving a separate act on a different day, violate the Double Jeopardy Clause. This contention lacks merit because in affirming the denial of Gossage's personal restraint petition, the Washington Supreme Court interpreted state law as authorizing separate convictions and sentences for each in a series of incestuous acts. See Ohio v. Johnson, 467 U.S. 493, 499 & n. 1 (1984) (in determining whether multiple punishments have been imposed for same offense in violation of Double Jeopardy Clause, federal courts defer to state's definition of offense).
 
 
 4
 Gossage also contends that the district court erred by dismissing two claims as procedurally defaulted. We affirm the district court's finding that Gossage failed to present the following claims to the Washington Supreme Court, and thus failed to exhaust state remedies as to these claims: Claim 2, "Denial of due process in the right to appeal," or denial of due process in the Washington Court of Appeals' decision of Gossage's personal restraint petition; and Claim 6, ineffective assistance of counsel in plea and sentencing proceedings. See Duncan v. Henry, 115 S.Ct. 887, 888 (1995) (per curiam) (habeas petitioner must exhaust state remedies by fairly presenting federal constitutional claims to state courts). Gossage cannot return to state court and exhaust these claims. See Wash.Rev.Code § 10.73.090 (one-year time limit for collateral attack on conviction). Accordingly, the district court did not err by dismissing them as procedurally defaulted. See Coleman v. Thompson, 501 U.S. 722, 735 n. * (1991).
 
 
 5
 Finally, Gossage contends that the district court erred by failing to find an equal protection violation because as a "family sex offender" he was charged and sentenced differently from other defendants who committed similar acts against non-relatives. Gossage did not raise this equal protection claim in his habeas petition in the district court, and the district court did not address it. Accordingly, we decline to address this claim for the first time on appeal. See King v. Rowland, 977 F.2d 1354, 1357 (9th Cir.1992).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3