**Richard D. HARTMAN, Petitioner–Appellant,**

v.

**Maggie MILLER–STOUT, Respondent–Appellee.**

No. 02–15255.

D.C. No. CV–01–05182–FDB.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

Submitted Dec. 2, 2002.*

Decided Dec. 4, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Richard D. Hartman, a Washington state prisoner, appeals pro se the denial of his 28 U.S.C. § 2254 petition, challenging his 80–month sentence imposed after a guilty plea conviction. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001), and affirm.

Hartman contends that the sentencing court violated due process by (1) increasing his sentence using prior convictions that should have "washed out;" (2) incorrectly computing his offender score; and (3) failing to run his sentences concurrently. We reject these contentions, *see Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (emphasizing that federal habeas courts should not re-analyze state court rulings on state law questions), because Hartman fails to demonstrate that the state court's action was fundamentally unfair or arbitrary. *See Cooks v. Spalding,* 660 F.2d 738, 739 (9th Cir.1981) (per curiam); *see also Langford v. Day,* 110 F.3d 1380, 1389 (9th Cir. 1996) (recognizing that petitioners cannot change a state law issue into a federal one by calling it a due process violation).

Hartman also argues that his sentence violated the Double Jeopardy Clause. We disagree. Because Hartman's sentence was authorized by Washington's sentencing statutes, *see Langford,* 110 F.3d at 1389 (accepting state court's interpretation of its own laws), there was no double jeopardy violation. *Cf. Ohio v. Johnson,* 467 U.S. 493, 499, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984) (stating that punishments are not multiple in violation of the Double Jeopardy Clause when legislative intent is clear).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

