655 N.W.2d 764 (2003)
PEOPLE of the State of Michigan,
v.
Kelley COLVIN, Defendant-Appellant.
Docket No. 120172, COA No. 234665.
Supreme Court of Michigan.
January 28, 2003.
Defendant filed an application for leave to appeal, and, on May 30, 2002, we issued an order to the prosecutor to show cause why this Court should not reverse defendant's armed robbery conviction. Plaintiff has filed a response to the order. On order of the Court, the application for leave to appeal from the September 17, 2001, decision of the Court of Appeals is again considered, and, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we REVERSE defendant's armed robbery conviction. People v. Wilder, 411 Mich. 328, 308 N.W.2d 112 (1981). In all other respects, the application for leave to appeal is DENIED.
CORRIGAN, C.J., concurs and states as follows:
I join the order granting relief to defendant under People v. Wilder, 411 Mich. 328, 308 N.W.2d 112 (1981). The prosecutor in this case has not sufficiently argued that defendant is not entitled to relief. In an appropriate case, however, the Wilder decision might warrant our review.
The federal and state constitutions contain nearly identical double jeopardy provisions. U.S. Const., Am. V states: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb ...." Const. 1963, art. 1, § 15 provides: "No person shall be subject for the same offense to be twice put in jeopardy." In Wilder, this Court found a state double jeopardy violation where the defendant was convicted and sentenced for first-degree felony murder, M.C.L. § 750.316, and the predicate offense of armed robbery, M.C.L. § 750.529. The Michigan double jeopardy provision was violated because "the evidence needed to prove first-degree felony murder requires proof of the underlying lesser included felony." Wilder, supra at 342, 308 N.W.2d 112. "The legislatively determined lesser included offense, the underlying felony, is a necessary prerequisite to a first-degree felony-murder conviction and, on the facts of this case, renders them the `same' offense." Id., n. 6.
The Wilder Court seemed to acknowledge that the elements of armed robbery are not always needed to prove felony murder. Id. at 345, 308 N.W.2d 112. Other predicate offenses may underlie felony murder. MCL 750.316. Federal courts analyze the elements of the offense charged, not the proofs. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); Gillespie, Michigan Criminal Law and Procedure, Practice Deskbook (2d ed.), § 8:47, pp. 21-22. The Wilder Court stated that Michigan's test differs from the federal approach because "we find the proper focus of double jeopardy inquiry in this area to be the proof of facts adduced at trial rather than the theoretical elements of the offense alone." Wilder, supra at 349, n. 10, 308 N.W.2d 112.
The Wilder Court also stated that lesser-included offense principles determine whether two crimes are the "same" offense. It stated that "we have held that double jeopardy claims under our constitution may prohibit multiple convictions involving cognate as well as necessarily included offenses." Id.
*765 The analysis in Wilder deserves scrutiny. The fundamental question is whether the Legislature intended to permit multiple punishments. See Ohio v. Johnson, 467 U.S. 493, 499, n. 8, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984); People v. Sturgis, 427 Mich. 392, 400, 397 N.W.2d 783 (1986). Where legislative intent is unclear, federal courts apply the Blockburger test. "Looking to the elements of the offenses charged not to the proofs, if each offense requires proof of a fact that the other does not, then multiple convictions are permissible." Gillespie, supra, § 8.47, pp. 21-22. It is not clear why Michigan should follow a different test where the language of the federal and state double jeopardy provisions are identical in relevant respects.[1]
Also, this Court recently clarified our lesser-included offense jurisprudence and held that instructions on cognate offenses are not appropriate. People v. Cornell, 466 Mich. 335, 646 N.W.2d 127 (2002). The Wilder Court's reliance on lesser-included offense principles thus warrants review.
NOTES
[1] In People v. Harding, 443 Mich. 693, 506 N.W.2d 482 (1993), Justice Riley, concurring in part and dissenting in part, opined that the Legislature intended to permit punishment for both felony murder and armed robbery. She noted that the murder and armed robbery statutes target distinct evils. The murder statute protects against homicide, whereas the armed robbery statute protects against the violent deprivation of property. Id. at 731-732, 506 N.W.2d 482.