KENNARD, J., Concurring.
Defendant was charged with sexually molesting two young girls. The charge included an allegation under an alternative sentencing provision of the “One Strike” law, which applies when, in the same case, the defendant has been convicted of serious sex offenses involving more than one victim. (Pen. Code, § 667.61, subds. (b) & (e)(4); further statutory references are to the Penal Code.)
A jury found defendant guilty of serious sex offenses against one victim, was unable to reach verdicts as to the second victim, and found the multiple-victim sentencing allegation to be true. Because the multiple-victim finding was inconsistent with the jury’s guilty verdicts, which pertained to only one victim, the trial court rejected the finding and directed the jury to reconsider the allegation. After deliberating briefly, the jury again returned to the courtroom, but the trial court did not ask whether the jury had made a new finding on the allegation. Instead, after telling the jury it should not be making any finding on the allegation, the trial court declared a mistrial on that allegation. At a second trial, a different jury found defendant guilty of serious sex offenses against the second victim, and it found true the multiple-victim allegation.
Defendant contends that constitutional double jeopardy principles render invalid the retrial jury’s true finding on the multiple-victim allegation. He argues that retrial of the allegation was barred because the trial court at the first trial improperly refused to receive the jury’s multiple-victim allegation finding. Rejecting defendant’s contention, the majority reasons that once the jury at the first trial had reached verdicts finding defendant guilty on serious sex offense counts involving just one victim, while deadlocking on counts involving the other victim, “the first jury had no authority to decide or even to consider the multiple victim allegation . . . ,” and thus it “could not have returned any valid verdict on that allegation.” (Maj. opn., ante, at p. 525.) *538 Consequently, the majority reasons, any finding on that allegation the jury at the first trial may have made lacks constitutional significance for double jeopardy purposes. (Ibid.)
I agree that double jeopardy principles did not bar retrial of the multiple-victim allegation, but for a different reason. At the first trial, the issue before the jury was whether, at that stage of the proceedings, it had found defendant guilty of offenses involving more than one victim. But at the retrial, the jury considered a different issue: whether, at that later stage in the proceedings, there were convictions involving multiple victims. In this situation, where the jury at the retrial was not asked to reconsider the same issue placed before the jury at the first trial, defendant was not placed twice in jeopardy.
I
Defendant was charged with 13 counts of sexually molesting his daughter, Z.C., and his stepdaughter, J.R., over a period of several years, starting when Z.C. was nine and J.R. was eight. Included was a multiple-victim allegation under the One Strike law, which comes into play when a defendant is convicted of specified serious sex crimes against more than one victim.
The case went to trial in late 2007. With respect to defendant’s stepdaughter, J.R., the jury found defendant guilty of three counts of lewd conduct on a child under 14 years old (§ 288, subd. (a)). But the jury was unable to reach a verdict on any of the counts involving defendant’s daughter, Z.C. The jury found the multiple-victim allegation to be true because, as the jury foreman explained to the trial court, there were three convictions against defendant for the molestation of J.R. As the multiple-victim allegation required convictions involving more than one victim rather than convictions on multiple counts against just one victim, the trial court did not accept the jury’s finding and asked the jury to reconsider it. A few minutes later, the jury returned to the courtroom. Before hearing from the foreman, the trial court told the jury it should not be making a finding on the multiple-victim allegation because its guilty verdicts were all on counts pertaining to the same victim. After returning briefly to the jury room, the jury came back into the courtroom, where the foreman gave the clerk a blank verdict form for the multiple-victim allegation. The trial court declared a partial mistrial and set the matter, including all nine counts involving Z.C., together with the multiple-victim allegation, for a second trial.
At that retrial, in 2009, the prosecution introduced into evidence the trial court’s minute order documenting the first jury’s convictions on three counts of lewd conduct involving stepdaughter J.R., and the court told the jury at the second trial that it could consider that documentary evidence in determining *539 the truth of the multiple-victim allegation. The jury convicted defendant of all nine molestation counts against daughter Z.C. (including one count of lewd conduct on a child under 14 years old [§ 288, subd. (a)], one count of forcible rape [§261, subd. (a)(2)], and four counts of forcible oral copulation [§ 288a, subd. (c)(2)]). At that retrial, the jury also determined—based on defendant’s lewd conduct convictions at the first trial (all involving J.R.) as well as his convictions at the second trial of lewd conduct, forcible rape, and forcible oral copulation (all involving Z.C.), that defendant was subject to the One Strike law’s alternative sentence of 15 years to life in prison for having been convicted of serious sex offense charges against more than one victim (§ 667.61, subd. (e)(4)). The trial court’s sentence of defendant included that prison term as to each of the two victims.
In a two-to-one decision, the Court of Appeal set aside the life terms as it perceived a double jeopardy violation in the second jury’s consideration of the multiple-victim allegation. The dissenting justice disagreed, stating that in light of the first jury’s inability to reach a verdict on any counts involving second victim Z.C., that jury had no reason and no authority to consider and make a finding on the alternative sentencing allegation, which requires convictions pertaining to more than one victim.
II
Not in dispute here are the legal principles governing the federal Constitution’s prohibition against double jeopardy. The Fifth Amendment prohibits placing a criminal defendant “twice . . . in jeopardy” for the same crime. (U.S. Const., 5th Amend.; see United States v. Ball (1896) 163 U.S. 662, 671 [41 L.Ed. 300, 16 S.Ct. 1192]; accord, Evans v. Michigan (2013) 568 U.S. _ [185 L.Ed.2d 124, 133 S.Ct. 1069] (Evans).) Simply stated: “[0]nce a defendant is placed in jeopardy for an offense, and jeopardy terminates with respect to that offense, the defendant may neither be tried nor punished a second time for the same offense.” (Sattazahn v. Pennsylvania (2003) 537 U.S. 101, 106 [154 L.Ed.2d 588, 123 S.Ct. 732] (Sattazahn).) leopardy terminates either upon a jury’s acquittal or conviction of a charged offense (Ohio v. Johnson (1984) 467 U.S. 493, 498 [81 L.Ed.2d 425, 104 S.Ct. 2536]; Bullington v. Missouri (1981) 451 U.S. 430, 437 [68 L.Ed.2d 270, 101 S.Ct. 1852]), upon a determination that the prosecution failed to prove an element of its case (Sattazahn, supra, 537 U.S. at p. 108; Evans, supra, 568 U.S. at pp. _-_ [133 S.Ct. at pp. 1074-1075]), or upon a grant of a mistrial without “ ‘manifest necessity’ ” (Arizona v. Washington (1978) 434 U.S. 497, 505 [54 L.Ed.2d 717, 98 S.Ct. 824]). But jeopardy is not terminated when a trial court’s grant of a mistrial is manifestly necessary. (Sattazahn, supra, at pp. 113-114; Richardson v. United States (1984) 468 U.S. 317, 323-324 [82 L.Ed.2d 242, 104 S.Ct. 3081].)
*540 Instructive is the high court’s decision in Sattazahn, supra, 537 U.S. 101, which applied double jeopardy rules, as here, in the context of a sentencing proceeding. In that case, the Commonwealth of Pennsylvania charged the defendant with capital murder, and it alleged the aggravating circumstance that the murder was committed in the course of some other felony. (An aggravating circumstance under Pennsylvania law is functionally equivalent to a “special circumstance” under California’s death penalty scheme.) The jury convicted the defendant of first degree murder, but it did not reach a verdict on the aggravating circumstance allegation. The trial court imposed a life sentence. The state appellate court reversed the murder conviction because of instructional error. On remand, the prosecution chose to retry the murder charge, this time adding, as a second aggravating circumstance allegation, the defendant’s serious history of convictions for violent felonies. At that retrial, the jury convicted the defendant of murder and, based on the existence of aggravating circumstances, returned a penalty verdict of death. When the matter reached the United States Supreme Court, that court rejected the defendant’s contention that the retrial put him twice in jeopardy on the issue of penalty. Double jeopardy was not implicated, the high court said, because at the first murder trial neither the jury’s failure to reach a verdict on the aggravating circumstance nor the trial court’s imposition of a life sentence operated as an acquittal of death penalty murder. (Id. at pp. 109-110.)
Our court in People v. Anderson (2009) 47 Cal.4th 92 [97 Cal.Rptr.3d 77, 211 P.3d 584] (Anderson), in rejecting a double jeopardy challenge to the retrial of a One Strike allegation under California law, summed up the high court’s holding in Sattazahn, supra, 537 U.S. 101: “Sattazahn teaches that double jeopardy principles do not bar retrial of an aggravated sentencing allegation if the first trial did not produce an express or implied acquittal on the allegation.” (Anderson, supra, at p. 111.)
The multiple-victim allegation that is pertinent here and, if found to be true, results in a punishment of 15 years to life, is an alternative sentencing provision under the One Strike law, which seeks to ensure that “serious sexual offenders receive long prison sentences whether or not they have any prior convictions.” (People v. Wutzke (2002) 28 Cal.4th 923, 929 [123 Cal.Rptr.2d 447, 51 P.3d 310].) The alternative punishment applies when a defendant “has been convicted in the present case” of perpetrating specified offenses “against more than one victim.” (§ 667.61, subd. (e)(4), italics added.) Section 667.61’s subdivision (c) lists the applicable crimes. Among them are crimes of which defendant here was convicted: forcible rape (§ 261, subd. (a)(2) & (6)), forcible oral copulation (§ 288a, subd. (c)(2)), and lewd and lascivious conduct with a child under age 14 (§ 288, subd. (a)).
*541 Alternative sentencing under the One Strike law also comes into play when a defendant commits a specified crime under certain aggravating circumstances. For instance, in Anderson, supra, 47 Cal.4th 92, 99, involving a defendant charged with lewd conduct with a five-year-old child, the One Strike allegation was that “the defendant kidnapped the victim . ..” (§ 667.61, subd. (e)(1)) in committing the charged lewd conduct offense. By contrast, the multiple-victim allegation at issue here rests not on defendant’s commission of a charged offense in a specified manner, but on defendant’s conviction of certain serious sex crimes against multiple victims. In that respect, the multiple-victim allegation under the One Strike law resembles the multiple-murder allegation under California’s death penalty law, which elevates the crime of first degree murder to capital murder (carrying a sentence of either death or life imprisonment without parole) when “[t]he defendant, in [the same] proceeding, has been convicted of more than one offense of murder in the first or second degree.” (§ 190.2, subd. (a)(3), italics added.) The multiple-victim allegation at issue here also is like our death penalty law’s multiple murder allegation in that neither is attached to any particular charged crime. (See People v. Diaz (1992) 3 Cal.4th 495, 565 [11 Cal.Rptr.2d 353, 834 P.2d 1171] [holding that the prosecution in a capital murder case “should allege only one multiple-murder special circumstance,” no matter the number of murder counts it brings against the defendant].)
m
At issue here is whether defendant was twice placed in jeopardy with respect to the multiple-victim allegation. The majority and I agree that he was not, but for different reasons. According to the majority, when the jury at the first trial returned verdicts finding defendant guilty of serious sex offenses against one victim, but was unable to reach verdicts as to serious sex offense charges against the other victim, consideration and resolution of the multiple-victim allegation, which was predicated on convictions of offenses against multiple victims, was legally prohibited, so that the trial court had no authority to do anything other than declare a mistrial, which was manifestly necessary. (Maj. opn., ante, at pp. 533-535.) Therefore, whatever finding the jury at the first trial may have made on the multiple-victim allegation could not produce a double jeopardy bar to retrial of that allegation. (Id. at p. 536.)
I analyze the double jeopardy issue differently. The multiple-victim allegation requires a finding that the defendant, in a single proceeding, was convicted of certain serious sex crimes against more than one victim. (§ 667.61, subd. (e)(4).) Thus, a rejection of the allegation by the jury at the first trial was merely a determination that defendant had not yet been convicted of charges involving more than one victim. The jury at the first trial convicted defendant only on three counts of lewd conduct against his *542 stepdaughter, J.R. Therefore, the sole issue that could have been resolved by the jury’s “untrue” finding on the multiple-victim allegation was that those three lewd conduct convictions did not pertain to more than one victim.
But the jury at the retrial, when it addressed the multiple-victim allegation, was faced with a different combination of convictions: those from the first trial (all involving stepdaughter J.R.) together with those entered at the second trial (all involving daughter Z.C.). Because this same combination of convictions was never considered by the first trial jury (which could have considered only the convictions it reached regarding victim J.R.), the first jury’s rejection of the multiple-victim allegation was not “an express or implied acquittal” of the same allegation (Anderson, supra, 47 Cal.4th 92, 111; see Sattazahn, supra, 537 U.S. 101, 109-110) put before the second jury.
The jury instructions given at the first trial support this conclusion. At that trial, the trial court advised the jury that if it found “the defendant guilty of two or more sex offenses as charged in [counts involving both victims], [it] must then decide whether . . . those crimes were committed against more than one victim.” (Italics added.) Given their common and ordinary meaning, this instruction’s words directed the jurors, after reaching verdicts on the substantive charges, to determine whether the offenses on which they had reached guilty verdicts (and only those offenses) had been committed against more than one victim. Because at the first trial the jury’s consideration was thus limited to the guilty-verdict offenses, it did not address the identical factual question that the jury addressed at the retrial.
For these reasons, I agree with the majority that defendant was not twice put in jeopardy by the retrial of the multiple-victim allegation, and that therefore he is subject to prison terms of 15 years to life under the One Strike law for his convictions in this proceeding of serious sex crimes against two minor victims.
Chin, J., concurred.