WATFORD, Circuit Judge,
concurring:
I agree that we lack jurisdiction over Mazzo’s cross-appeal under the collateral order doctrine. Mazzo may invoke the doctrine only if he has a “colorable” claim under the Double Jeopardy Clause. United States v. Alvarez-Moreno, 657 F.3d 896, 899 (9th Cir.2011). He has no such claim — at least not right now. He contends only that the Rule 10b-5 and 18 U.S.C. § 1348 counts are multiplicitous. Even if true (something we need not decide), the Double Jeopardy Clause doesn’t prevent the government from trying him on both charges in the same proceeding; it just precludes the court from entering convictions on both counts, in the event he is convicted of both at trial. See Ball v. United States, 470 U.S. 856, 860 & n. 7, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985); Ohio v. Johnson, 467 U.S. 493, 500, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984). Since that hasn’t happened yet, by definition he has no double jeopardy claim — colorable or otherwise.