STATE of Minnesota, Respondent,

v.

Victor Lee BOWEN, Appellant.

No. C9–96–1386.

Court of Appeals of Minnesota.

Feb. 25, 1997.

Hubert H. Humphrey, III, Attorney General, St. Paul, Robert M.A. Johnson, Anoka County Attorney, Marcy S. Crain, Assistant County Attorney, Anoka, for respondent.

Kyle D. White, St. Paul, for appellant.

Considered and decided by WILLIS, P.J., and PARKER and PETERSON, JJ.

## OPINION

PARKER, Judge.

This appeal is from a judgment of conviction and sentence for felony stalking, based on a pattern of harassing conduct. Minn. Stat. § 609.749, subd. 5(b) (1994). We vacate the conviction and remand for a jury trial.

## FACTS

Appellant Victor Bowen was charged with a pattern of harassing conduct against Beverly Cady, his former girlfriend. Cady obtained a domestic abuse order for protection (OFP) against Bowen on January 20, 1995. The order provided that Bowen was to have no contact with Cady. But on February 13, 1995, Ham Lake police were called to Cady's home, where they found Bowen and tab-charged him for a misdemeanor violation of the OFP. Police were called again on February 25 and cited Bowen for another violation of the OFP and for fifth-degree misdemeanor assault. A third incident, occurring on February 26, resulted in another misdemeanor charge of violation of the OFP.

Bowen pled guilty on March 24, 1995, to a misdemeanor OFP violation, under a plea agreement calling for the other three charges (including a charge of assault) to be dismissed. Bowen was sentenced to 90 days in jail, all of it stayed for three years on various conditions, including that Bowen have no contact with Cady.

Before the hearing at which Bowen pled guilty, the Ham Lake prosecutor contacted Anoka County felony investigators because Ms. Cady had reported two more phone calls from Bowen, on March 7 and 8. It appears the prosecutor did not disclose this to Bowen or to his attorney before Bowen pled guilty.

The Anoka County Attorney's Office filed a felony complaint against Bowen on May 9, 1995, following another call on April 15 from Bowen to Cady in violation of the OFP as well as the conditions of Bowen's probation. The felony complaint cited, as predicate offenses establishing the "pattern" of harassing conduct, the February 13 OFP violation, to which Bowen had pled guilty, as well as the February 25 and 26 telephone calls, for which the misdemeanor OFP violation charges had been dismissed under the plea agreement. The complaint also cited alleged behavior of Bowen on February 23, March 8, and April 15.

Bowen moved to dismiss the felony complaint on grounds of double jeopardy under the state and federal constitutions, as well as the double jeopardy statute, Minn.Stat. § 609.035 (1994), and on grounds that the stalking statute is unconstitutionally vague and overbroad. The trial court denied the motion. Bowen then waived his right to a jury trial and agreed to submit the case to the court based on stipulated facts in order to expedite appellate review of the legal issues raised in his pretrial motion. *See State v. Lothenbach,* 296 N.W.2d 854 (Minn.1980) (procedure for expediting appellate review of pretrial issues).

## ISSUES

I. Was appellant denied due process when he pled guilty to the misdemeanor?

II. Does double jeopardy bar appellant's felony conviction or sentence?

III. Is the felony harassment statute unconstitutionally vague?

## DISCUSSION

### I.

■ Bowen argues that due process required that he be informed, when pleading guilty to the misdemeanor OFP violation in March 1995, that there was a felony investigation and that the misdemeanor could be considered in filing felony harassment charges against him. Bowen submitted a copy of a memo showing that the Ham Lake prosecutor, who prosecuted the misdemeanor OFP violation, knew of the pending felony investigation before he negotiated the guilty plea with Bowen.

The U.S. Supreme Court has rejected a similar claim:

Petitioner contends that, at a minimum, due process requires a misdemeanor de-

fendant to be warned that his conviction might be used for enhancement purposes should the defendant later be convicted of another crime. No such requirement was suggested in *Scott [v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979) ], and we believe with good reason.

*Nichols v. United States,* 511 U.S. 738, ——, 114 S.Ct. 1921, 1928, 128 L.Ed.2d 745 (1994).

Bowen's argument is even more tenuous than that advanced in *Nichols.* The state did not need Bowen's misdemeanor conviction in order to prove the felony offense; it needed to prove only that the conduct occurred. *See* Minn.Stat. § 609.749, subd. 5(b) (1994) (defining "pattern of harassing conduct" as two or more "acts" within five years that violate enumerated statutes, including domestic abuse OFP statute). Although the conviction may have helped the state's case, two other misdemeanor OFP charges were dismissed under the plea agreement.

The felony complaint relied in part on conduct occurring after the guilty plea was entered. Bowen, who was represented by counsel in pleading guilty, is presumed to know the law making it a felony to engage in a "pattern of harassing conduct." *See e.g. State v. King,* 257 N.W.2d 693, 697 (Minn. 1977) (presumption that citizens know the law). At the guilty plea hearing, the prosecutor told Bowen that he hoped he would avoid contact with Cady, as ordered, because it would save him "a tremendous amount of trouble." Bowen has not established any basis for a duty to warn of collateral future consequences, in the form of a felony investigation and prosecution. *Cf. Kim v. State,* 434 N.W.2d 263, 266 (Minn.1989) (defendant not entitled to withdraw guilty plea based on mistaken belief as to collateral effect on his employment).

## II.

■ Bowen argues that double jeopardy, and the double jeopardy statute, Minn.Stat. § 609.035 (1994), bar his conviction and sentence on the felony harassment charge.

The Double Jeopardy Clause bars successive prosecutions for the same offense. *Ohio v. Johnson,* 467 U.S. 493, 497–99, 104 S.Ct. 2536, 2540, 81 L.Ed.2d 425 (1984). Whether two offenses are the "same offense" for purposes of double jeopardy is determined under the *Blockburger* test, which asks whether *each* offense requires proof of an act that the other does not. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). The misdemeanor OFP violation does not require proof of any fact not required to prove the felony, for which it is a predicate offense. If the misdemeanor and the felony were part of the same behavioral incident, this would be enough to bring them within the *Blockburger* "same offense" test. *Brown v. Ohio,* 432 U.S. 161, 167–69, 97 S.Ct. 2221, 2226–27, 53 L.Ed.2d 187 (1977). But the U.S. Supreme Court has held that a "lesser-included" predicate offense completed months, or years, before completion of the greater offense, is not the "same offense" for double jeopardy purposes. *Garrett v. United States,* 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985).

In *Garrett,* the defendant pled guilty to importing marijuana, an offense occurring in Washington state in August 1980. *Id.* at 788, 105 S.Ct. at 2416. He was later charged in federal court in Florida with engaging in a continuing criminal enterprise (CCE) based on conduct from 1976 until July 1981, including the Washington offense. *Id.* The Supreme Court held that, although the Washington offense was a predicate offense, and the "same offense" as the CCE under *Blockburger,* double jeopardy did not bar the prosecution for CCE. The Supreme Court distinguished the *Brown* decision as follows:

> Obviously the conduct in which Garrett was charged with engaging in the Florida indictment, when compared with that with which he was charged in the Washington indictment, does not lend itself to the simple analogy of a single course of conduct— stealing a car—comprising a lesser included misdemeanor within a felony. * * * These significant differences [between the facts of *Garrett* and those of *Brown* as to factors of time and place] caution against ready transposition of the "lesser included offense" principles of double jeopardy from the classically simple situation presented in

*Brown* to the multilayered conduct, both as to time and to place, involved in this case. *Id.* at 788–89, 105 S.Ct. at 2416.

■ We conclude that *Garrett* is controlling. Like *Garrett*, this case involves a predicate offense committed at a significantly different time, and in a different place from the felony offense. The OFP violation to which Bowen pled guilty occurred at Cady's home, while some of the other acts were phone calls. The "pattern of conduct" occurring over a time span from February 13 to April 15 could not be considered a "single behavioral incident" under Minnesota caselaw. *See, e.g,. State v. Bookwalter,* 541 N.W.2d 290, 295 (Minn.1995) (sexual assault and attempted murder, committed during continuous automobile trip but in separate locations, were not part of same behavioral incident). For the same reason, Minn.Stat. § 609.035, which applies only to offenses that are part of a single behavioral incident, does not bar the felony prosecution. *See, e.g., State v. Johnson,* 273 Minn. 394, 404–05, 141 N.W.2d 517, 525 (1966) (explaining tests for determining what is a single behavioral incident for purposes of Minn.Stat. § 609.035). Finally, Bowen's argument that multiple sentences were barred is also without merit because the misdemeanor and felony were not the "same offense."

### III.

■ Bowen also argues that the felony harassment statute is void for vagueness and violates due process. At a minimum, he argues, this case must be remanded for a finding of specific intent, as the statute was construed in *State v. Orsello,* 554 N.W.2d 70 (Minn.1996).

The supreme court in *Orsello* observed that, if the statute were construed as requiring only general intent, "the statute might be void for vagueness and, thus, unconstitutional." *Id.* at 77. Bowen, who has not specified the nature of his claim of vagueness, apparently contends the statute is vague in the same sense as recognized in *Orsello,* that is, with respect to the mental state required.

We conclude that a remand is required to find whether Bowen possessed the requisite

specific intent required by the *Orsello* opinion. Bowen is entitled to a jury trial on that issue. When he waived his right to a jury trial, he knew that the *Orsello* case was pending in the supreme court and cited the uncertainties created by that case in his motion in the trial court. Although we conclude that Bowen's motion to dismiss was properly denied, he is entitled to an application of the *Orsello* holding to this prosecution, and to a jury determination on specific intent, unless he chooses to waive that right on remand.

### DECISION

Due process did not require that appellant be notified, before pleading guilty to the misdemeanor offenses, of the pending felony investigation. Double jeopardy did not bar a prosecution for felony harassment after appellant had been convicted of the predicate misdemeanor offense. The felony harassment statute requires a finding of specific intent.

**Conviction vacated and case remanded for a jury trial.**