JOURNAL ENTRY AND OPINION
Defendant, Wallace D. Northern, has filed an application for reopening pursuant to App. R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in State v. Northern (Mar. 31, 1977), Cuyahoga App. No. 35849, unreported. In that opinion, we affirmed defendant's conviction for murder. We decline to reopen Northern's original appeal for the following reasons:
As mandated by App.R. 26(B)(2)(b), an application for reopening must be filed within ninety days of journalization of the appellate judgment which the applicant seeks to reopen. The applicant must establish "good cause" if the application for reopening is filed more than ninety days after journalization of the appellate judgment which is subject to reopening. State v. Cooey (1995), 73 Ohio St.3d 411, 653 N.E.2d 252;State v. Reddick (1995), 72 Ohio St.3d 88, 647 N.E.2d 784.
Here, Northern is attempting to reopen the appellate judgment that was journalized on March 31, 1977. He did not file his application for reopening until April 5, 2001, more than twenty-four years after journalization of the appellate judgement in State v. Northern, supra. Thus the application is untimely on its face. Additionally, Northern has failed to establish a "showing of good cause" for the untimely filing of his application for reopening. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, unreported, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481, 634 N.E.2d 1027; Statev. Trammell (July 24, 1995), Cuyahoga App. No. 67834, unreported, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis
(Apr. 5, 1990), Cuyahoga App. No. 56825, unreported, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995), 72 Ohio St.3d 317,649 N.E.2d 1226.
Likewise, Northern failed to comply with App.R. 26(B)(2) which provides, in part: An application for reopening shall contain all of the following:
 * * *
(D) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and reference to the record * * *.
Northern's application for reopening does not include a sworn statement. "The absence of a sworn statement in the form of an affidavit is fatally defective." State v. Tembly (2000), 137 Ohio App.3d 134,738 N.E.2d 93, reopening disallowed (Oct. 30, 2000), Motion No. 16908, citing State v. Fussell (June 1, 1999), Cuyahoga App. No. 73713, unreported, reopening disallowed (Dec. 17, 1999), Motion No. 09186. Northern's failure to comply with App.R. 26(B)(2) is a sufficient basis for denying the application for reopening.
The doctrine of res judicata also prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of res judicata.
See, generally, State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 1204. The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204.
Herein, Northern sought to appeal his case to the Supreme Court of Ohio which denied his appeal. Because the issue of ineffective assistance of appellate counsel and the substantive issues listed in the application for reopening could have been raised, res judicata now bars re-litigation of these matters. State v. Hicks (Oct. 28, 1982), Cuyahoga App. No. 44456, unreported, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (Aug. 3, 1994), 70 Ohio St.3d 1408, 637 N.E.2d 6. We further find that the application of res judicata would not be unjust in this matter.
Notwithstanding the above, Northern fails to establish that his appellate counsel was ineffective. In regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld an appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308. Additionally, appellate counsel is not required to argue assignments of error which are meritless. Barnes,supra.
To establish such claim, applicant must demonstrate that counsel's performance was deficient and that deficiency prejudiced the defense.Strickland v. Washington (1984), 466 U.S. 688, 80 L.Ed.2d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
Thus, in order for the Court to grant the application for reopening, Northern must establish that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).
 In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a "genuine issue" as to whether there was a "colorable claim" of ineffective assistance of counsel on appeal.
State v. Spivey (1998), 84 Ohio St.3d 24, 701 N.E.2d 696, at 25. In the matter, sub judice, Northern failed to establish a genuine issue as to whether there was a colorable claim of ineffective assistance of appellate counsel.
Nevertheless, a substantive review of the application to reopen fails to demonstrate that there exists any genuine issue as to whether applicant was deprived of the effective assistance of appellate counsel. In his first assignment of error, Northern claims that the appointment of John O'Toole to represent him violated R.C. 120.39 and 1901.34. Northern claims that O'Toole was an Assistant Attorney General and a prosecutor for the City of Fairview Park at the time of his representation.[1]
However, Northern never objected to O'Toole's appointment or representation. Additionally, Northern fails to demonstrate how he was prejudiced by O'Toole's representation. Furthermore, as Attorney O'Toole's position is a matter outside of the record, it would have been inappropriate for appellate counsel to have assigned error with respect to this issue. State v. Goney (1995), 72 Ohio St.3d 314, 649 N.E.2d 1225;State v. Hull (1994), 71 Ohio St.3d 292, 643 N.E.2d 546; State v.Ishmail (1978), 54 Ohio St.2d 402, 377 N.E.2d 500; State v. Saltzer
(1984), 14 Ohio App.3d 394, 471 N.E.2d 872; State v. Kazas (Aug. 14, 2000), Cuyahoga App. Nos. 72546, 72547, unreported; State v. Russell (May 9, 1996), Cuyahoga App. No. 69311, unreported; State v. Collins (June 22, 1995), Cuyahoga App. No. 67165, unreported, reopening disallowed (Feb. 10, 1997), Motion No. 77984. Rather, such issue should have been raised in postconviction relief proceedings. State v. Chaney (Aug. 28, 1997), Cuyahoga App. No. 71274, unreported, reopening disallowed (Mar. 5, 1998), Motion No. 89560.
In his second assignment of error, Northern asserts that his trial counsel were ineffective because Attorney McMonagle permitted Attorney O'Keefe to represent Northern, and because his attorneys did not file a motion for discovery or present an alibi defense. In regard to the first issue, Northern again fails to demonstrate how he was prejudiced by being represented by Attorney O'Keefe or by Attorney McMonagle's acquiescence in the representation. Northern also fails to establish how he was prejudiced by counsel's failure to submit a request for discovery. The record indicates that counsel moved the court for the appointment of an independent investigator which was granted. Accordingly, the decision whether or not to submit a request for discovery is presumed to be a trial tactic which does not constitute ineffective assistance of counsel. State v. Clayton (1980), 62 Ohio St.2d 45, 402 N.E.2d 1189.
Finally, the last part of Northern's second assignment of error asserts that counsel was ineffective because they failed to submit an alibi defense. As noted above, because such matter arises from evidence outside the record, the matter should be addressed in postconviction proceedings. Chaney, supra; State v. Sims (Sept. 19, 1996), Cuyahoga App. No. 69314, unreported, reopening disallowed (Aug. 13, 1998), Motion No. 89037, appeal dismissed (1998), 84 Ohio St.3d 1409. 701 N.E.2d 1019. Accordingly, appellate counsel was not obligated to raise this proposed assignment of error on appeal. Goney, supra.
In his third assignment of error, Northern claims that, because his attorney was "unauthorized as a matter of law" to represent him, his right to have two attorneys was violated. Based upon our reasoning in addressing Northern's first assignment of error, we find this assignment of error to be without merit.
Northern's fourth assignment of error states that he was convicted of a crime for which he was never indicted by the grand jury. He argues that the constructive amendment of the indictment violated his constitutional rights to due process and forced him to defend against a charge of murder which was not contained in the indictment.
"It is not necessary for the prosecution or the court to formally present a defendant with written charges of each lesser offense which may be proven by elements necessary for proof of the greater offense." Statev. Stuber (1990), 71 Ohio App.3d 86, 593 N.E.2d 48; State v. Brown (Jun. 27, 1996), Cuyahoga App. No. 69149, unreported. Murder is a lesser included offense of aggravated murder. See State v. Campbell (2000),90 Ohio St.3d 320, 738 N.E.2d 1178; State v. Spirko (1991),59 Ohio St.3d 1, 570 N.E.2d 229. Accordingly, the trial court properly permitted the jury to consider the lesser offense of murder.
Moreover, Crim.R. 31(C) provides, "if lesser offenses are included within the offense charged, the defendant may be found not guilty of the degree charged but guilty of * * * a lesser included offense." See, also, R.C. 2945.74. Accordingly, Northern's fourth assignment of error is without merit.
In his fifth assignment of error, Northern claims that his right against double jeopardy was violated when he was found guilty of murder after he was acquitted of the aggravated murder charge. This assignment of error is also without merit. As noted above, a defendant may be convicted of lesser included offenses and murder is a lesser offense of aggravated murder. Furthermore, the United States Supreme Court in Ohiov. Johnson (1984), 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425, rehearing denied (1984), 468 U.S. 1224, 105 S.Ct. 20, 82 L.Ed.2d 915, addressed the Double Jeopardy Clause stating:
 "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense. * * * While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting for such multiple offenses in a single prosecution. * * * [T]he State is not prohibited by the Double Jeopardy Clause from charging [a defendant] with greater and lesser included offenses and prosecuting those offenses in a single trial."
Accordingly, Northern was not subject to double jeopardy when the jury returned a guilty verdict to the murder charge after finding him not guilty of aggravated murder.
In Northern's sixth assignment of error he claims that he was denied his constitutional right to confront John Adams. A review of Northern's direct appeal demonstrates that this issue was raised, argued and found to be without merit. See State v. Northern (Mar. 31, 1977), Cuyahoga App. No. 35849, unreported. The doctrine of res judicata thus bars any further review of this issue. State v. Dehler (1995), 73 Ohio St.3d 307,652 N.E.2d 987.
Accordingly, the application to reopen is denied.
DIANE KARPINSKI, A.J., and PATRICIA A. BLACKMON, J., CONCUR.
[1] Northern was found guilty of murder on January 2, 1975. However, the submitted biography of Attorney O'Toole indicates that he did not become the Prosecutor for the City of Fairview Park until 1976.