**F I L E D**

**UNITED STATES COURT OF APPEALS**

**January 4, 2007**

**TENTH CIRCUIT**

ASA S. FOREMAN,

      Petitioner-Appellant,

v.

ERIC FRANKLIN, Warden,

      Respondent-Appellee.

No. 06-5186

(N.D. of Okla.)

(D.C. No. CV-02-770-TCK)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.[**]

---

Asa Foreman seeks a certificate of appealability ("COA") to appeal the district court's denial of his petition for federal habeas corpus relief under 18 U.S.C. § 2254. For substantially the same reasons as the district court, we deny his request and dismiss this appeal.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

# I. Background

This case arises out of a robbery of a Texaco convenience store in Tulsa, Oklahoma on October 25, 1999. Just after 6:00 a.m., a man, later identified as Foreman, wearing a ski mask and gloves and carrying a butcher knife ordered the store clerk to open the safe and hand over the money. Though he did not physically harm her, Foreman used the knife to threaten the clerk, after which he ran from the store. A customer who had been in the store earlier, Roderick Sanders, saw Foreman running down the street with the mask and sack in hand and tackled him from behind. Foreman struck Sanders in the temple with the knife during the scuffle. With the help of two other men, Sanders subdued Foreman until police arrived.

Police arrested Foreman at the scene and recovered a ski mask, gloves, a butcher knife, and a canvas bag containing $8,627.40. Before being taken to the police station, the Texaco clerk positively identified Foreman as the man that robbed the store. At the station, Foreman wrote and signed a confession admitting the robbery.

Foreman was convicted by a jury on three counts: robbery with a dangerous weapon, assault with a dangerous weapon while masked, and assault and battery with a dangerous weapon. He was sentenced to three consecutive terms totaling fifty-five years of imprisonment. His conviction was affirmed on direct appeal, after which he filed this petition for federal habeas corpus.

In his § 2254 petition, Foreman alleges the same three issues he raised on direct appeal: (1) his convictions for both robbery with a dangerous weapon and assault with a dangerous weapon while masked violate an Oklahoma statute prohibiting more than one punishment for the same offense; (2) prosecutorial misconduct requires a new trial or modification of his sentences; and (3) the trial court erred in refusing his requested jury instructions regarding lesser included offenses. The district court denied his petition and Foreman appeals.

## II. Discussion

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), when a petitioner's claims have already been adjudicated in state court, the petitioner may only obtain federal habeas relief if the state decision is "contrary to, or involved an unreasonable application of, clearly established Federal law," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). *See also Williams v. Taylor*, 529 U.S. 362, 402 (2000); *Maynard v. Boone*, 468 F.3d 665, 669 (10th Cir. 2006). Since the Oklahoma Court of Criminal Appeals (OCCA) has already adjudicated each of Foreman's claims on direct appeal, we apply this standard from § 2254(d).

Foreman's first claim is that his convictions for assault with a dangerous weapon while masked and robbery with a dangerous weapon—both arising out of his confrontation with the Texaco store clerk—violate the prohibition on multiple

punishments found at Okla. Stat. tit. 21, § 11. The district court was correct that this is not a cognizable claim for federal habeas relief because we lack authority to review a state court's interpretation of its own laws. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Instead, our role is limited to deciding whether a conviction violated the Constitution or laws of the United States. 28 U.S.C. § 2254(a).

To the extent that Foreman's claim can be construed as stating a violation of the federal constitutional prohibition on double jeopardy, we agree Foreman is not entitled to relief on that basis. Whether punishments are considered "multiple" for purposes of double jeopardy is a question of legislative intent. *Ohio v. Johnson*, 467 U.S. 493, 499 (1984). But in situations like this one where legislative intent is unclear, we apply the *Blockburger* test: "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Assault with a dangerous weapon while masked and robbery with a dangerous weapon, clearly require proof of distinct elements—the latter requires something to be stolen. Thus, the dual conviction does not violate double jeopardy.

Foreman's second claim likewise fails under our precedents. He argues prosecutorial misconduct warrants a reversal for a new trial or a modification of

his sentences. The OCCA found that six of eight allegedly improper comments by the prosecutor were not objected to at trial and did not constitute plain error. With respect to the remaining two, the OCCA determined that one caused merely harmless error while any error caused by the second was cured on subsequent questioning. Petitioners are entitled to habeas corpus relief for prosecutorial misconduct only if the misconduct is so extreme that it renders the entire trial fundamentally unfair. *Donnelly v. DeChristoforo*, 416 U.S. 637, 642–48 (1974); *Cummings v. Evans*, 161 F.3d 610, 618 (10th Cir. 1998). Because we agree any alleged misconduct in this case did not result in a violation of due process, we affirm the district court's rejection of Foreman's second claim.

Finally, we also reject Foreman's third claim, alleging the trial court committed reversible error by denying his request for lesser included offense jury instructions. Under Tenth Circuit law, the failure of a state court to instruct on lesser included offenses in a non-capital case never raises a constitutional question. *Lujan v. Tansy*, 2 F.3d 1031, 1036 (10th Cir. 1993). In any event, the OCCA did not err in concluding that the instruction was not warranted based on the evidence presented at trial.

### III. Conclusion

For the foregoing reasons, we DENY Foreman's request for a COA.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge