**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted June 3, 2008*
Decided June 11, 2008

Before

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

**No**. 07-3411

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

**v.**

ROBERT A. BURKE,
    *Defendant-Appellant.*

Appeal from the United
States District Court for the
Northern District of Illinois,
Eastern Division.

No. 01 CR 1049
Rebecca R. Pallmeyer, *Judge*.

**Order**

    We affirmed Burke's convictions but remanded for resentencing in light of
*United States v. Booker*, 543 U.S. 220 (2005). See 425 F.3d 400 (2005). On remand the
district judge, armed with full knowledge about the extent of his discretion, imposed

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After
examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R.
App. P. 34(a); Cir. R. 34(f).

the same sentence--240 months' imprisonment. Burke has appealed a second time.

The sentence exceeds the statutory maximum for any one of Burke's convictions. The district judge reached 240 months by making several of the sentences run consecutively. Burke does not contend that *Booker* prohibits this procedure. Instead he argues that more than one conviction for different false statements before the same grand jury violated the double jeopardy clause. That argument is outside the scope of our mandate. We sent the case back for resentencing. A violation of the double jeopardy clause knocks out the conviction. Yet Burke did not argue on his initial appeal that any of his convictions violated the double jeopardy clause. A remand limited to sentencing issues is too late to raise a new objection to the convictions.

Not that the argument has any substance. Burke was tried just once. The double jeopardy clause does not forbid convictions for overlapping offenses, provided that only one trial--which is to say, a single jeopardy--takes place. See, e.g., *Ohio v. Johnson*, 467 U.S. 493 (1984); *Missouri v. Hunter*, 459 U.S. 359 (1983); *United States v. Albernaz*, 450 U.S. 333 (1981). The only question is statutory and concerns the appropriate unit of prosecution. Yet Burke has not argued that the charges are multiplicitous, and as each count concerns a separate false statement such an argument would be untenable.

Burke contends that a 240-month sentence is unreasonably long for a person convicted of perjury. Yet it is in the middle of the range under the Sentencing Guidelines, and as Burke does not argue that the range has been determined incorrectly the sentence is presumed reasonable. See *Rita v. United States*, 127 S. Ct. 2456 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Burke wants us to compare his sentence with that of other persons convicted of perjury without the sort of enhancing factors that increased his own range. (One of these factors is that the offense about which Burke lied, in an effort to throw the grand jury off the scent, is a murder in which Burke himself played a major role.) Arguments about unwarranted disparity are pointless when the sentence is within a properly determined range, for the Guidelines are designed to treat similar situations similarly. See *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006). The difference between Burke's sentence and what would be meted out in a plain-vanilla perjury case is not an "unwarranted" disparity; to the contrary, it would be unwarranted to disregard the aggravating considerations associated with Burke's crimes.

Affirmed