**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604
Submitted January 22, 2013[*]
Decided January 25, 2013

Before

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| No. 12-3325 | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| ROBERT A. BURKE, *Petitioner-Appellant,* | |
| *v.* | |
| CHARLES L. LOCKETT, Warden, *Respondent-Appellee.* | No. 2:11-cv-212-JMS-WGH Jane Magnus-Stinson, *Judge.* |

**Order**

In 2005 we affirmed Robert Burke's conviction for perjury but remanded for resentencing. *United States v. Burke*, 425 F.3d 400 (7th Cir. 2005). The district judge imposed the same sentence; we affirmed that decision. *United States v. Burke*, No. 07-3411 (7th Cir. June 11, 2008) (nonprecedential disposition).

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f)

Well after the time for seeking collateral relief under 28 U.S.C. §2255 had expired, Burke filed a petition under 28 U.S.C. §2241 naming as respondent the warden of the prison where he was then confined. The district court denied this petition, and Burke has appealed.

His appellate brief presents two arguments, both of which are foreclosed by §2255(e), which provides that §2241 may be used only to the extent that §2255 is inadequate or ineffective. The two arguments in Burke's appellate brief—that his extradition from the United Kingdom was unlawful, and that the sentence is unconstitutionally long—could have been presented both on direct appeal and by motion under §2255. Indeed, the first of these arguments *was* presented on direct appeal, and this court rejected it. 425 F.3d at 407–08.

The only sort of argument that would be appropriate under §2241 is a contention that the Bureau of Prisons has miscalculated the amount of time remaining on Burke's sentence. He made such an argument in the district court, and the government's brief in this court generously deems Burke to have repeated it here. We therefore address it briefly.

This argument is that Burke should have been given credit, on his perjury sentence, for time he served in prison following the revocation of his supervised release on an earlier sentence for bank fraud. He was paroled in 1994 and fled to England, where he was found and extradited. He was returned to this country and to prison, since leaving the jurisdiction without permission (Burke had none) violated the terms of release. A district judge later determined that Burke should not have been placed on supervised release because the conduct underlying the bank-fraud conviction came before the Sentencing Reform Act's effective date of November 1, 1987. But by the time the judge made that decision, Burke had been charged with perjury, so he remained in prison.

The sentence for perjury, 240 months, was imposed on September 12, 2003, and reimposed in 2007. The Bureau of Prisons has treated that sentence as running since October 2, 2001, the day on which the perjury was committed. Burke was in prison then, and custody has been continuous. Burke thinks that he should be entitled to additional credit, for the time he was imprisoned in this nation between the revocation of his supervised release and his perjury, plus the time he was detained in the United Kingdom pending extradition. His problem, as the district court observed, is that the statute limits credit to the time spent in prison on account of the offense of conviction. 18 U.S.C. §3585(b). None of the time Burke was confined before October 2, 2001, can be attributed to the perjury conviction, because he had yet to commit that offense.

Burke was free to argue to the district court in 2003 and 2007 that the length of his sentence for perjury should be reduced on account of time he had

spent confined awaiting extradition, or following the revocation of supervised release for his bank-fraud offense. Such an argument would have been available on direct appeal too. We need not consider whether it would have been successful, because it was not made. Neither §2241 nor §2255 can be used to present an argument that concerns the length of the sentence but was bypassed at the time of sentencing and on direct appeal.

AFFIRMED