NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 13a0319n.06

No. 12-3202

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Apr 02, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MICHAEL WALTERS, | ) | |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| WARDEN, ROSS | ) | DISTRICT OF OHIO |
| CORRECTIONAL INSTITUTION, | ) | |
| | ) | |
| Respondent-Appellant. | ) | |

Before: KETHLEDGE and WHITE, Circuit Judges; LUDINGTON, District Judge.[*]

**LUDINGTON, District Judge.** Stare decisis is more than a prudential doctrine in the Sixth Circuit. It is the rule. In this case, the district court granted Michael Walters's habeas corpus petition based on a retroactive application of a Supreme Court of Ohio decision issued after Walters exhausted his remedies on direct appeal in state court. A panel of this Court has since concluded that the Ohio Supreme Court decision does not apply retroactively in habeas review. We therefore REVERSE the district court's decision.

**I**

Michael Walters beat a man to death in 2005. A jury found him guilty of one count of felonious assault and one count of felony murder. The trial judge sentenced Walters to 15 years to

---

[*]The Honorable Thomas L. Ludington, United States District Judge for the Eastern District of Michigan, sitting by designation.

life incarceration for the murder and five years for the felonious assault, with the sentences to run consecutively.

Walters appealed. Among his assignments of error was a double jeopardy claim. In 2007, the Ohio Court of Appeals rejected Walters's double jeopardy claim based on Ohio's allied offenses statute, Ohio Rev. Code § 2941.25, and affirmed the trial court's judgment. *State v. Walters*, No. O6AP-693, 2007 WL 3026956 (Ohio Ct. App. Oct. 18, 2007). In rejecting the claim, the court relied on the test articulated by the Supreme Court of Ohio in *State v. Rance*, 710 N.E.2d 699, 704 (Ohio 1999), *overruled by State v. Johnson*, 942 N.E.2d 1061, 1069 (Ohio 2010). Walters then filed a notice of appeal to the Ohio Supreme Court. Leave to appeal was denied. *State v. Walters*, 912 N.E.2d 108 (Ohio 2009) (table op.).

In June 2009, Walters filed a petition for the writ of habeas corpus in the United States District Court for the Southern District of Ohio. While his petition was pending, the Supreme Court of Ohio decided *State v. Johnson*, 942 N.E.2d 1061 (Ohio 2010), which overruled *Rance*. The district court concluded that *Johnson* has retroactive application. And, based on the *Johnson* test, the court found that Walters's convictions violated the Double Jeopardy Clause. Accordingly, the court issued a conditional writ of habeas corpus. The Warden appeals.

**II**

**A**

The Fifth Amendment of the United States Constitution, among its protections, provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." With these twenty words, the Double Jeopardy Clause confers three distinct protections: "It protects

against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *Ohio v. Johnson*, 467 U.S. 493, 498 (1984) (internal alteration omitted) (quoting *Brown v. Ohio*, 432 U.S. 161, 165 (1977)). At issue here is the final protection.

The protection against multiple punishments for the same offense, the Supreme Court instructs, is a function of the constitutional principle of the separation of powers: "Legislatures, not courts, prescribe the scope of punishments." *Missouri v. Hunter*, 459 U.S. 359, 368 (1983); *see generally* Akhil Reed Amar, *Double Jeopardy Law Made Simple*, 106 Yale L.J. 1807, 1818 (1997) ("The Eighth Amendment's Cruel and Unusual Punishment Clause might impose limits on the total amount of punishment that can be heaped upon a person for a single 'act' or series of acts, but the Double Jeopardy Clause imposes no limits on how the legislature may carve up conduct into discrete legal offense units." (footnotes omitted)).

The Double Jeopardy Clause is a check against the judiciary — it prohibits courts from imposing sentences exceeding "the limits prescribed by the legislative branch of government, in which lies the substantive power to define crimes and prescribe punishments." *Jones v. Thomas*, 491 U.S. 376, 381 (1989) (citing *Johnson*, 467 U.S. at 499).

When a state statute is at issue, federal courts are bound by the state courts' interpretation of the statute, "including one announced on direct appeal of the challenged conviction[.]" *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam); *see Hunter*, 459 U.S. at 368 ("[T]he Missouri Supreme Court has recognized that the legislature intended that punishment for violations of the

statutes be cumulative. We are bound to accept the Missouri court's construction of that State's statutes." (citing *O'Brien v. Skinner*, 414 U.S. 524, 531 (1974)).

Likewise, "the retroactive application of new state decisional law to a petitioner's conviction after [he] has exhausted [his] appellate remedies is a state-law question, on which the state courts have the last word." *Volpe v. Trim*, --- F.3d ----, No. 11-4365, 2013 WL 70655, at *10 (6th Cir. Jan. 8, 2013) (citing *Houston v. Dutton*, 50 F.3d 381, 385 (6th Cir. 1995)). If the state supreme court has not yet rendered a decision on the particular question, "we look to the decisions of the state's intermediate courts unless we are convinced that the state supreme court would decide the issue differently." *Melson v. Prime Ins. Syndicate, Inc.*, 429 F.3d 633, 636 (6th Cir. 2005).

**B**

Section 2941.25 of the Ohio Revised Code provides that "the same conduct by defendant" may not be used as the basis for a conviction of "two or more allied offenses of similar import" but may be used as the basis for a conviction of "two or more offenses of dissimilar import." Ohio Rev. Code § 2941.25(A), (B).

In *Rance*, the Supreme Court of Ohio interpreted § 2941.25(A) to require a comparison of the offenses' elements in the abstract. 710 N.E.2d at 705. Specifically, to determine whether the Ohio legislature intended to permit cumulative punishment for two or more offenses, courts must resolve, "by aligning the elements of each crime in the abstract, whether the statutory elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other." *Id*. (quotation marks omitted) (quoting *State v. Jones*, 676 N.E.2d 80, 81 (Ohio 1997)).

4

Under *Rance*, Ohio appellate courts repeatedly concluded that the Ohio legislature intended to permit cumulative punishment for felony murder and felonious assault. *See, e.g.*, *State v. Walters*, No. 06AP-693, 2007 WL 3026956, at *20 (Ohio Ct. App. Oct. 18, 2007) (citing *State v. Henry*, No. 04AP-1061, 2005 WL 1806462, at *11–12 (Ohio Ct. App. Aug. 2, 2005)); *Henry*, 2005 WL 1806462, at *12 (citing *Rance*, 710 N.E.2d at 705); *State v. Gomez-Silva*, No. CA2000-11-230, 2001 WL 1525316, at *13 (Ohio Ct. App. Dec. 3, 2001) (citing *Rance*, 710 N.E.2d at 705).

As the Court of Appeals of Ohio explained in denying Walters's appeal, for example, "because felony murder involves causing death while committing a first or second-degree felony of violence, but felonious assault requires knowingly causing serious physical harm to another, the commission of one crime does not result in the commission of the other." *Walters*, 2007 WL 3026956, at *20 (quotation marks omitted) (quoting *Henry*, 2005 WL 1806462, at *11). "Because felony murder and the predicate offense of felonious assault thus are not allied offenses of similar import" under the *Rance* test, the court concluded that Ohio Revised Code § 2941.25 "authorizes punishment for both crimes, and no double jeopardy violation occurs." *Id.* The court of appeals' decision, the last state-court adjudication on the merits of Walters's claim, came in 2007.

Walters filed his federal habeas petition in June 2009. Eighteen months later, the Supreme Court of Ohio decided *Johnson*, declaring: "We take this opportunity to overrule *Rance*." 942 N.E.2d at 1063. Instead of simply focusing on abstract elements, *Johnson* established that courts must also consider actual conduct. *Id*. at 1070. More precisely, if "it is possible to commit one offense and commit the other with the same conduct," *id.*, the court "must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of

mind.'" *Id*. (quoting *State v. Brown*, 895 N.E.2d 149, 158 (Ohio 2008) (Lanzinger, J., dissenting)).

In evaluating Walters's habeas petition, as noted, the district court concluded that "the interpretation of Ohio Revised Code § 2941.25 in *Johnson* applies retroactively to this case and convicting Petitioner of both felonious assault and felony murder violates Ohio's statute and the Double Jeopardy Clause." *Walters v. Sheets*, 2:09-CV-446, 2011 WL 4543889, at *5 (S.D. Ohio Sept. 29, 2011) (unpublished).

A panel of this Court has since concluded that "*Johnson* does not apply retroactively to cases where the defendant has already exhausted [his] appellate remedies." *Volpe*, 2013 WL 70655, at *10 (collecting cases). Specifically, the Court held that *Johnson* could not be applied retroactively on habeas review given the Ohio appellate courts' unanimous conclusion that *Johnson* does not apply to defendants that have exhausted their remedies on direct review. Here, at the time *Johnson* was decided Walters had exhausted his remedies on direct review (indeed, his collateral attack had been pending for 18 months).

As noted, stare decisis is the rule in the Sixth Circuit. "A panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision[,] . . . this Court sitting en banc overrules the prior decision," *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985), or there has been "a change in the applicable law," *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 507 (6th Cir. 2004) . As none of those things has occurred here, *Volpe* is binding precedent on this panel.

## III

We REVERSE the district court's judgment.