SUPREME COURT OF MISSOURI
 en banc
STATE OF MISSOURI, ) Opinion issued March 15, 2022
 )
 Appellant, )
 )
v. ) No. SC99063
 )
GARY ANDREWS, JR., )
 )
 Respondent. )

 APPEAL FROM THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
 The Honorable David C. Mason, Judge

 The State appeals the circuit court’s decision to sustain defendant Gary Andrews

Jr.’s motion to dismiss a count of possession of a controlled substance. The circuit court

determined that, because Andrews had pleaded guilty to the offense of unlawful use of a

weapon by possessing a firearm while in possession of a controlled substance, any further

proceedings on the possession count would constitute a double jeopardy violation.

Although the Double Jeopardy Clause prohibits multiple punishments for the same

offense, it does not prohibit the State from prosecuting a criminal defendant for multiple

offenses in a single prosecution. Accordingly, the circuit court’s decision to dismiss the

possession count on double jeopardy grounds was erroneous. The judgment is reversed,

and the case is remanded.
 Background

 Andrews was charged in a single indictment with five counts, including one count

of possession of a controlled substance under section 579.015 1 (“possession”) and one

count of unlawful use of a weapon by possessing a firearm while in possession of a

controlled substance under section 571.030(11) (“UUW-possession”), stemming from the

same incident. Prior to his scheduled plea hearing, Andrews filed a motion to dismiss,

arguing possession was a lesser-included offense of UUW-possession and, therefore,

constituted the “same offense” for purposes of double jeopardy. He contended the State

was precluded from prosecuting him for both of those offenses and requested the circuit

court either dismiss the possession count or require the State to elect to pursue either the

possession count or the UUW-possession count.

 At the plea hearing, the circuit court indicated its belief that pleading guilty to both

the possession and UUW-possession counts would result in a double jeopardy violation

and warned that Andrews could not be sentenced on both counts. The circuit court

suggested the State proceed with just one of the offenses rather than allowing Andrews to

decide to which count to plead. But the State maintained its position that the two counts

constituted separate offenses and indicated its intent to proceed with all five counts as

charged. Andrews pleaded guilty to UUW-possession but not possession. Andrews also

pleaded guilty to the three other charged counts. The circuit court accepted Andrews’s

guilty pleas without objection from the State. The State asked the circuit court to

1
 All statutory references are to RSMo 2016.
 2
sentence Andrews for possession, but the circuit court declined to do so because he had

not pleaded guilty to that count. The State did not object to sentencing Andrews for the

other four counts while the possession count remained pending. The circuit court

sentenced Andrews to a total of four years’ incarceration, suspended the execution of that

sentence, and placed him on probation.

 Andrews then refiled his motion to dismiss the possession count. He argued that,

because he had been convicted of the greater offense of UUW-possession via his guilty

plea, any subsequent prosecution or sentence for possession would be a double jeopardy

violation. The State filed a memorandum in opposition, arguing the legislature intended

possession and UUW-possession to constitute separate offenses subject to cumulative

punishment. The circuit court sustained Andrews’s motion and dismissed the possession

count, finding any further proceedings on that count would violate the Double Jeopardy

Clause’s prohibition against multiple punishments for the same offense. The State now

challenges that ruling. 2

 Standard of Review

 When reviewing the circuit court’s ruling on a motion to dismiss, this Court defers

to the circuit court’s factual findings but reviews questions of law, including questions

regarding constitutional rights, de novo. State v. Sisco, 458 S.W.3d 304, 312 (Mo. banc

2015). Double jeopardy claims are questions of constitutional rights subject to de novo

review. State v. Daws, 311 S.W.3d 806, 808 (Mo. banc 2010).

2
 After an opinion by the court of appeals, this Court granted transfer. Mo. Const. art. V, sec. 10.

 3
 Analysis

 The issue before this Court is whether the Double Jeopardy Clause bars the State

from trying Andrews for possession after he pleaded guilty to UUW-possession. The

Double Jeopardy Clause of the Fifth Amendment to the United States Constitution

guarantees no person shall “be subject for the same offense to be twice put in jeopardy of

life or limb.” The Double Jeopardy Clause affords a criminal defendant two basic

protections: “it protects defendants from successive prosecutions for the same offense

after acquittal or conviction and it protects defendants against multiple punishments for

the same offense.” State v. Hardin, 429 S.W.3d 417, 421 (Mo. banc 2014). “In contrast

to the double jeopardy protection against multiple trials, the final component of double

jeopardy—protection against cumulative punishments—is designed to ensure that the

sentencing discretion of courts is confined to the limits established by the legislature.”

Ohio v. Johnson, 467 U.S. 493, 499 (1984). Consequently, the analysis is limited to

determining whether the legislature intended cumulative punishments. State v. McTush,

827 S.W.2d 184, 186 (Mo. banc 1992).

 But whether a defendant can be sentenced separately for two different statutory

offenses is entirely distinct from whether that defendant can be prosecuted for both of

those offenses in a single proceeding. The United States Supreme Court addressed the

latter question in Ohio v. Johnson. In that case, the defendant was charged in a single

indictment with murder, aggravated robbery, involuntary manslaughter, and grand theft.

Johnson, 467 U.S. at 494-95. The defendant had pleaded guilty to the lesser offenses of

involuntary manslaughter and grand theft over the State’s objection. Id. at 496. The

 4
defendant then successfully moved to dismiss the remaining counts on the grounds that

further prosecution for those offenses would violate the Double Jeopardy Clause. Id.

 The Supreme Court determined the case did not concern double jeopardy

protection against multiple punishments for the same offense. Id. at 497. As the

Supreme Court explained, the trial court would have had to confront the question of

cumulative punishments if the defendant was also found guilty of the more serious

offenses, but that stage of the prosecution was never reached due to the dismissal of the

remaining counts. Id. at 500. The Supreme Court clarified that, although the Double

Jeopardy Clause protects defendants against cumulative punishments for the same

offense, it “does not prohibit the State from prosecuting [defendants] for such multiple

offenses in a single prosecution.” Id. The Supreme Court concluded the State was not

prohibited from continuing its prosecution of the defendant on the remaining counts,

notwithstanding the trial court’s acceptance of the defendant’s guilty pleas. Id. at 502.

 Like the defendant in Johnson, Andrews was charged with multiple counts in a

single indictment; he had pleaded guilty to some, but not all of those counts; and he

successfully moved to have the remaining count dismissed on double jeopardy grounds

before he could be tried for it. But Andrews argues his case can be distinguished from

Johnson for two reasons. First, Andrews claims he pleaded guilty to the allegedly greater

offense of UUW-possession, while the defendant in Johnson had pleaded guilty to the

lesser charged offenses. 3 But this distinction is immaterial, as Johnson specifically

3
 Because the question of whether possession is, in fact, a “lesser-included” offense of UUW-
possession is inconsequential to the resolution of this case, this Court will not address it.
 5
declined to hold that “determination of guilt and punishment on one count of a multicount

indictment immediately raises a double jeopardy bar to continued prosecution on any

remaining counts that are greater or lesser included offenses of the charge just

concluded.” Id. at 501 (emphasis added). Second, Andrews indicates the State failed to

object to the separate resolutions of the charges against him at either the plea or

sentencing stage, unlike in Johnson. Yet, while Johnson noted that the State objected

when the defendant “offered only to resolve part of the charges against him,” it did not

hold that such an objection was required to prevent an improper application of double

jeopardy protections. Id. at 501. This Court declines to impose such a requirement here.

 As such, the present case cannot be meaningfully distinguished from Johnson. In

accordance with that decision, the State should not have been precluded from continuing

to prosecute Andrews for the charge of possession following his guilty plea, as doing so

would not implicate double jeopardy protections.

 Conclusion

 While the Double Jeopardy Clause prohibits multiple punishments for the same

offense, it does not prohibit the State from prosecuting a criminal defendant for multiple

offenses in a single prosecution. Consequently, the circuit court’s decision to dismiss the

 6
possession count against Andrews was erroneous. 4 The judgment is reversed, and the

case is remanded. 5

 ______________________________
 Mary R. Russell, Judge

All concur

4
 Because the circuit court’s judgment is reversed on these grounds, the issue of whether the
legislature intended for possession and UUW-possession to be subject to cumulative punishment
need not be reached.
5
 Upon reversal of the circuit court’s dismissal of the possession count, there is no final judgment
on any of the counts against Andrews, including those to which he pleaded guilty and on which
he was sentenced. See State v. Waters, 597 S.W.3d 185, 189 (Mo. banc 2020) (“A judgment of
conviction is not final so long as any count in an indictment or information remains pending
before the circuit court.”).
 7